(January 31, 1896.)

## COLORADO IRON WORKS v. RIEKENBERG.

[43 Pac. 681.]

MECHANIC'S LIEN—FINDINGS OF COURT.—Findings of court examined and held to warrant a judgment for plaintiff. When materials are sold under a general sale, without any reference to what use or when they are to be used, *held*, not sufficient to support a mechanic's lien therefor.

APPEAL from District Court, Owyhee County.

D. D. Williams, for Appellant.

This action was commenced in the district court to foreclose a mechanic's lien on a certain quartz-mill and its appurtenances. Was the plaintiff called on, under the state of the pleadings, to offer proof that the property was sold by the plaintiff to be used in the mill, or was it admitted, by failure to deny? The appellant claims as a matter of law, that in order to put an allegation of complaint in issue the denial must be as complete as the allegation, and must be directed to every material thing in the allegation that he wishes to controvert, but here the pleader does not deny that the machinery was to be used in the mill, but simply denies that it was to be used on the mine, when he knew that the mill was not on the mine. The denial was not sufficient. (Van Santvoord's Pleadings, 426-430.) A specific denial must be certain and definite as to the fact denied. (Bliss on Code Pleading, sec. 331.) Each denial must be regarded as applying to the specific allegation which it is designed to controvert. (Pomeroy's Remedies, sec. 616.) The courts have frequently held, and I have found no decisions to the contrary, that the price agreed to be paid would be the value of the articles purchased or the services rendered, in the absence of evidence to the contrary. It has been often held that under a complaint seeking to recover what the thing was justly worth, evidence of an agreed price is admissible; and the agreement for price controls, if within the limit marked by the allegation of value and the demand for judgment. (*Robinson v. Lewis*, 7 Misc. Rep. 536,

27 N. Y. Supp. 989; Abbott's Trial Evidence, 306; *Ludlow v. Dole,* 1 Hun, 715; *Fells v. Vestvali,* 2 Keys, 152; *Sussdorf v. Schmidt,* 55 N. Y. 319; *Kent v. Whitney,* 9 Allen, 62, 85 Am. Dec. 739.)

George H. Stewart and W. E. Borah, for Respondent.

Counsel for appellant contend that it was relieved from proving the sale of the machinery·for use in or upon the property sought to be subjected to the lien, for the reason that such allegation in the complaint was not denied. The right to a lien is purely statutory, and the statute prescribes the conditions. The machinery must not only have been used in the construction of the building, but it must have been, by the express terms of the contract, furnished for the particular building or premises upon which the lien is claimed. (*Roebling Sons & Co. v. Bear Valley Irr. Co.,* 99 Cal. 488, 34 Pac. 80; *Holmes v. Richet,* 56 Cal. 307, 38 Am. Rep. 54; *Eisenbeis v. Wakeman,* 3 Wash. St. 534, 28 Pac. 923; *Steel v. Argentine Min. Co.,* ante, p. 505, 42 Pac. 585; *Kellogg v. Littell & Smythe Mfg. Co.,* 1 Wash. 407, 25 Pac. 461; *Donaher v. Boston,* 126 Mass. 309.)

HUSTON, J.—The plaintiff is a corporation engaged in the manufacture of iron machinery, etc., at Denver, Colorado. The defendant was one of four persons holding a lease upon a certain mine located in Owyhee county, Idaho. On the 3d of April, 1893, defendant addressed the following letter to plaintiff: .

"De Lamar, Idaho, April 3d.
"To Colorado Iron Works, Denver, Colo.
"Gentlemen: Will please inform me if you can make the following articles, and at what price? 2 chlorinating barrels, of the following description and sketch: The barrel is of ½-inch sheet iron, 53-inch diameter, and 60 inches long, with 3-inch angle iron, riveted to ends for flanges to fasten the heads to. This hull is to be lined with redwood carefully, and leave 4 heavy pieces, 2 inches heavier than the rest, extend out in the barrels (as shown in sketch 1), to act as agitators. The heads is of 3-16 sheet iron, lined with 3-inch wood; the wood

resessed, as shown in sketch, to fit the staves of the hull. This must be done carefully as leaks is disastrous to gold chlorinating. The joints can be made tight with rubber gasket, and bolted together. The charging hole in the barrel is 5 inches wide and 12 inches long, covered with a wooden cover, as shown in sketch; and this cover is held in place and tight by a band of ¾ round iron around the barrel, and fastened as shown, in a block of iron 2x4x6, through which two holes are bored through them. The ends of the rods are run and tightened with nut and thread. The barrels will run horizontally, as shown in No. 3, and is carried by axles or shafts, which are keyed into flanges. The flanges are fastened to the heads with bolts. The heads of the bolts must be countersunk in the wood, so we can put sheet rubber or cement on them, as no iron should be exposed to the charge. The shafts or axles are 3 inches diameter, and the two barrels are connected together as shown in No. 3, and will run from 8 to 10 revolutions per minute. I therefore thought to use a cog gear 4 to 1, but this gear will have to be strong; a spur wheel, 36 inches diameter, 4-inch face, 2-inch pitch, with a pinion, 8 inch diameter. The pinion shaft is 2½ inch diameter, and 4 feet long; pulley 30 inches diameter, with 3-inch crowned face. This shaft should have one collar with it, and 3 or 5 pillar blocks. Will you please inform me if you can make them, how soon, and at what price? We also want 4 wooden tanks; 2 of these is to be used as filter tanks, 7 feet diameter and 2½ feet high; and 2 tanks, 3 feet diameter and 6 feet high; and at what price can you furnish us 3-16 sheet iron, 3 feet wide and 22 feet long? Of course, the riveting we do here, but the holes should be punched there, joints to be riveted every 8 inches—that is, rivets to be 8 inches apart; and a smokestack 13 inch diameter and 30 feet high, and one fire front for reverbatory furnace, with 20-inch by 20-inch fire door, and 18-inch ash door; the whole thing would not be over 4 to 6 inches high; and 6 or 8 grate bars, 4 feet long. Answer to the address of William Riekenberg, De Lamar, Owyhee County, Idaho."

To which letter plaintiff, under date of April 10, 1893, sent an answer, giving a list of various articles of machinery, with

prices, and closing with the words: "We shall be pleased to enter your order for any or all of what you may require of the above list and prices"; letter signed by president of plaintiff corporation.   On April 14, 1893, defendant sent to the plaintiff the following letter:

"De Lamar, Idaho, April 14, 1893.
"Colorado Iron Works, Denver, Colo.

"Gentlemen: Yours of the 10th at hand, and make and send me as soon as possible the two chlorinating barrels, as per specification; 2 tanks, 8 feet diameter, $2\frac{1}{2}$ feet deep; 1 tank, 8 feet diameter, 6 feet deep; 1 3-16 sheet steel, 8 feet wide, 22 feet long; one of the lightest fire fronts as you have marked No. 3; 8 of the lightest grate bars.   We will not want no stack, as we have one here.   I refer you to the Boise City National Bank, and will issue a check for the amount upon receipt of the shipping bill.          Yours truly,
                              "WILLIAM RIEKENBERG.

"My future address will be William Riekenberg, Reynolds Creek, Owyhee Co., Idaho.   Ship freight to above address, in care of Falk-Bloch Mer. Co., Nampa, Idaho."

Under date of April 19, 1893, plaintiff sent the following letter to defendant:

"April 19th, 1893.
"Wm. Riekenberg, Esq., Reynolds Creek, Owyhee Co., Idaho.

"Dear Sir: Your valued order of the 14th inst. at hand, and entered for immediate attention.   We have ordered the wooden tanks from the factory to be shipped direct, and will, no doubt, reach you before the barrels, etc.   Thanking you for the order, we remain,                    Yours very truly,
                         "COLORADO IRON WORKS."

The goods were in due time received, and the machinery, etc., placed in a mill erected by defendant (but whether with the co-operation of his fellow-lessees or not does not appear), upon a tract or piece of government land, adjoining or adjacent to the mine leased as aforesaid to defendant and his colessees.   On the twenty-second day of July, 1893, plaintiff filed a mechanic's lien, under the statutes of Idaho, in the

office of the recorder of Owyhee county, Idaho, upon the mill erected by defendant, or by defendant and his colessees, and described in said lien as being "now on that certain lot and parcel of land at or near that certain quartz mining claim known as the 'Last Chance,' situated in the county of Owyhee and state of Idaho, and being located in Rooster Comb mining district, of said county and state, being about six miles in a westerly direction from Reynolds stage station, in said county and state."

This action was brought to recover of the defendant the amount claimed to be due the plaintiff for said machinery and supplies, and to foreclose said lien. A demurrer was filed to plaintiff's complaint, which was sustained by the district court, which judgment of the district court was on appeal reversed by this court (see *Colorado Iron Works v. Riekenberg,* ante, p. 262, 38 Pac. 651), and the case remanded for trial. Thereafter a trial was had in the district court. A jury was impaneled, as stated by the court in its findings, "for the purpose of finding the value of the property claimed to have been sold by plaintiff to defendant." The jury returned their verdict, fixing the value of said property at the sum of $535.07. The court finds as facts established by the evidence "that on the twenty-first day of June, 1893, the plaintiff sold and delivered to the defendant, at his special instance and request, certain mining machinery, to wit [describing it]; that said sale was made under a special contract, and according to certain plans and specifications, made a part of said contract; that the price agreed to be paid for said articles under said contract was $535.07; that the purchase price has not been paid." As conclusions of law, the court finds: 1. "That the plaintiff sues to recover the value of certain personalty, by reason of its being manufactured according to plans and specifications; and, all evidence of its value based upon its such plans and specifications being stricken out by plaintiff's consent, I find that no value has been proven, and plaintiff is therefore not entitled to recover anything in this action." 2. "I find that even if a value has been proven, that plaintiff was not entitled to a lien for the same, because the sale was a general sale, and no

express contract was entered into that the same was furnished for the particular mine, mill or structure upon which the lien was claimed."

It seems to us there is an irreconcilable inconsistency between the findings of fact by the court and its conclusions of law. The jury impaneled for the sole purpose of finding the value of the property found the same to be $535.07. This finding or verdict is recognized by the court, and is followed by the further finding by the court "that the purchase price has not been paid." These findings by the court and the jury were presumably predicated upon the evidence in the case. It seems from the record that counsel for respondent made a motion to strike out all evidence in the case with reference to the goods being manufactured in accordance with the plans and specifications, and that the jury be instructed not to consider it; and yet the jury, by their verdict, found the value of the property, and the same was recognized and adopted by the court in its findings of fact. While, perhaps, the complaint is not as correctly or artistically drawn as might be desired, we think it is sufficient to support the verdict of the jury and the findings of the court, and to entitle the plaintiff to a judgment thereon.

As to the second conclusion of law by the district court: It does not appear that, at the time the plaintiff and defendant entered into the agreement of purchase and sale of the machinery, there was anything said or intimated as to where or for what purpose the machinery was to be used. It was a general sale. To entitle the vendor to a lien, "the materials must not only have been used in the construction of a building, but they must have been furnished to be used in that building." (2 Jones on Liens, sec. 1327, and cases cited in note 2.)   "Materials must be furnished with special reference to their use in a particular building in order to secure the protection of a mechanic's lien law." (2 Jones on Liens, sec. 1326; *Choteau v. Thompson,* 2 Ohio St. 114, 124.) These requirements cannot, we think, be supplied by construction. We think the judgment of the district court should be modified to the extent of allowing a judgment in favor of the plaintiff and against

the defendant for the value of the machinery as found by the court and jury, and so much of the judgment of the district court as refuses a lien upon the mill and machinery of defendant is affirmed, with costs to appellant.

Morgan, C. J., and Sullivan, J., concur.