## RICE v. CASSELLS.

1.   **Statutes Construed**—A statute providing that persons furnishing material to be used in the construction of a building shall have a lien upon the structure for the value of such material (Laws 1899, ch. 118, sec. 1, Mills' Stats., Rev. Supp., sec. 2867; Rev. Stats., sec. 4025) it was held that material expressly furnished for the erection of a specified building and placed upon the ground for the purpose, becomes in a qualified sense the property of the land owner, even though he is not individually liable for the value.   One claiming under a chattel mortgage executed by the contractor, to whom the material was sold upon the faith of the statutory lien, is subordinate in right to the land owner.—(75, 76)

2.   **Appeals—Objections Not Taken Below** — An action was brought under Code sec. 12 by the presiding officer of a fraternal organization suing for himself and all other members of the society.   No order was taken for the prosecution of the suit in this manner.   No objection having been taken upon this ground, nor upon the ground that only equitable actions are contemplated by the code provision, the court upon appeal refused to consider such objection.—(77)

3.   **Replevin—Judgment—Technical Error**—Pending replevin for a quantity of brick, plaintiff by consent of the defendant used a portion of them for the construction of a building.   Judgment was given for plaintiff for a return of the whole number, or the value of the whole, if delivery could not be had.   Held that, while it would have been proper to have awarded to plaintiff only the remainder of the brick not so used, the failure to do so should not reverse the judgment; that as to the brick used and consumed by plaintiff, the judgment was already satisfied pro tanto, and the defendant was required to restore only the residue. —(78)

4.   **Damages**—Where the goods are injured in the handling under the writ, the defendant, under a proper averment, may be allowed therefor.—(77)

*Appeal from Mesa District Court*—Hon. SPRIGG SHACKELFORD, Judge.

Messrs. CARNAHAN & VAN HOORBEKE, for appellant.

Mr. Straud M. Logan, and Messrs. Wheeler & Wilson, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

This is an appeal from a judgment rendered in an action of replevin instituted on behalf of the members of Mesa Lodge No. 58, I. O. O. F., against P. A. Rice to recover the possession of certain brick. The defendant claimed to be the owner and entitled to the possession of the property in controversy, under and by virtue of a chattel mortgage, executed by the firm of Mowrey & Klein. The verdict of the jury was in favor of the plaintiffs, upon which a judgment was rendered, to the effect that plaintiffs recover from the defendant the possession of the brick in controversy, and in case a redelivery thereof can not be had, that they recover from the defendant the sum of $367.50, the value of the brick. It was further adjudged that plaintiffs recover from defendant the sum of $19.72 damages resulting from the unlawful and wrongful taking of such brick. From this judgment the defendant brings the case here for review on appeal.

The court instructed the jury that under the testimony the plaintiffs, at the time of the commencement of the action, were the owners of, and entitled to, the possession of the brick in controversy; that they were of the value of $367.50; and that the only matter for them to determine was the damages plaintiffs sustained on account of the unlawful and wrongful taking and detention of the brick from their possession by the defendant. There was no dispute regarding the value of the brick, and if this instruction was correct it will not be necessary to consider many of the other alleged errors urged upon our attention by counsel for the defendant.

The undisputed testimony establishes the following facts: The lodge entered into a contract with Mowrey & Klein to construct the brickwork of a building for its use. Mowrey & Klein purchased the brick for this purpose from a Mr. Crawford, a brick manufacturer, who sold and delivered them to the contractors, for the express purpose of being used in the building. Mowrey & Klein hauled them from the brickyard and stacked or piled them near the building. They commenced work, and completed the first story and about half the second, when they became embarrassed financially. Mowrey left the state, and Klein ceased work shortly after. At the time work was suspended, several thousand of the brick purchased from Crawford were upon the ground in the immediate vicinity of the building. The firm of Mowrey & Klein was indebted to the defendant, and Klein, for the partnership, executed and delivered to him a chattel mortgage on these brick. Under this mortgage he took possession of the brick and removed them to his premises. These are the brick in controversy, to obtain possession of which the replevin suit was instituted for and on behalf of the members of the lodge.

The statutes of the state provide that persons furnishing materials to be used in the construction of any building shall have a lien upon the structure for the value of the materials so furnished.—§ 4025, Rev. Stats.; § 2867, Mills' Stats. (Rev. Supp.). Under this statute and the facts above narrated, the court's instruction was correct. When materials are expressly furnished and delivered for use in constructing a specified building, and placed upon the ground for that purpose, a lien attaches in favor of the person furnishing them, and the person for whom such building is being erected, although he may not be personally liable for the value of the materials

furnished, becomes a qualified owner thereof.—*White v. Miller,* 18 Pa. St. 52; *Hickey v. Collom,* 50 N. W. (Minn.) 918.

The reason for the rule is, that in such circumstances the material man is entitled to a lien upon the structure for the construction of which the materials are sold and delivered; and for the protection of the owner of the building under course of construction, a qualified title to such material is vested in him. Of course, it will be understood that in stating the above rule it is limited to the facts of this case. Crawford, who sold the brick to Mowrey & Klein, did so in good faith, and upon the credit of the building, for the reason that he sold them with the express understanding that they were to be used in the construction of that part of a building which the contractors had agreed to construct for the lodge. The brick were actually placed upon the ground in the immediate vicinity of the building, and part of them used in its construction. It would certainly be unjust to compel the lodge to discharge a lien which Crawford might have asserted for the brick furnished, of which it never had the benefit, and at the same time it would be equally unjust to defeat the right of the material man to a lien for the brick furnished by holding that because they had not been wrought into the structure, no lien attached. In the circumstances of this case plaintiffs had such an interest in the subject-matter of controversy, of which defendant was bound to take notice, when he obtained his mortgage, that as against him they were the owners of and entitled to the possession of such brick, and he acquired no interest therein as against them by virtue of his mortgage.

The action was instituted by R. B. Cassells for himself and all other members of Mesa Lodge No. 58, I. O. O. F. In the complaint it was alleged that

Cassells is the duly elected, installed and acting presiding officer of the lodge; that it is a fraternal organization, duly chartered by its grand body, and that its membership is so numerous that it is impracticable to bring all its members before the court. Sec. 12 of our Civil Code provides that when the parties to an action are so numerous that it is impracticable to bring them before the court, one or more may sue for the benefit of all, and the court may make an order that such action may be so prosecuted. It is here urged that the action cannot be maintained because no order of the court was obtained allowing the action to be prosecuted by Cassells for himself and all other members of the lodge of which he was the representative; that only actions in equity are contemplated by the provisions of the section noticed; and that as this is an action at law, no right to maintain it existed. In answer to this suggestion it is sufficient to say, no such questions were raised below, and they will not be considered here.

In their complaint plaintiffs alleged that the brick had been damaged in the sum of $125.00 for and on account of the handling and rehandling thereof. On the question of damages witnesses were asked what damage was done to the brick by hauling and rehauling, rehandling and unloading them. This was objected to on the ground that the damage thereby sought to be established is not a proper element of damage in a replevin suit. The objection was overruled. Injury to property as the result of its wrongful taking and detention by a defendant in a replevin action may be recovered when claimed in the complaint.—*Stevenson v. Smith,* 28 Cal. 102.

Part of the brick in controversy were what is known as No. 1 pressed brick. At the request of a representative of the lodge, the defendant permitted

the contractor who completed the building to use them in constructing it, with the understanding that in the event of a suit the lodge would pay him for these brick at the rate of $30.00 per thousand, if he was successful in maintaining his right thereto under his mortgage. It is urged that the judgment is erroneous because the value of these brick is included in the judgment, to the effect that the plaintiffs shall recover of defendant the sum of $367.50 in case the return of the brick in controversy cannot be had. Under the agreement between the defendant and plaintiffs whereby he delivered to the plaintiffs the pressed brick, it was necessary, so far as they were involved, to determine who was the owner thereof, as well as the value, by verdict and judgment; and while it would have been eminently proper for the court to have entered a judgment limiting the right of the plaintiffs to the remainder of the brick, and in the alternative, the value thereof, the failure to do so is not sufficient to justify a reversal. The judgment is satisfied *pro tanto* by the fact that the plaintiffs have had the pressed brick, and defendant is not required to do more than respond to the requirement of the judgment in so far as it has not been satisfied.

Other errors are assigned on behalf of counsel for the appellant, but, as stated at the outset, many of them are immaterial if the peremptory instruction of the court to return a verdict in favor of the plaintiffs was correct, because they cannot affect the result when we have determined that this instruction was correct.

The judgment of the district court is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice White concur.