[No. 7516.]

THE B. F. SALZER LUMBER COMPANY ET ALS. V. LINDENMEIER ET AL.

1. APPEARANCE—*Effect*—Objection to the return of process must be made *in limine*, by plea in abatement, or motion. An answer to the merits waives it.

2. MECHANIC'S LIEN—*Material Furnished But Not Actually Used*—Under sec. 4025 of the Revised Statutes, one who, acting in good faith, supplies material for the erection of a building at the instance of the principal contractor therefor, is entitled to a lien for the value of such material, even though some of such material went into another structure, and some was sold by the contractor.

3. ——*Material Furnished Without Any Specific Agreement*—As to the use to be made thereof, or to what building it is to be applied, gives no lien.

*Error to Larimer District Court.*—Hon. JAMES E. GARRIGUES, Judge.

Messrs. DOUD & FOWLER, for B. F. Salzer Lumber Company; Messrs. BENEDICT & PHELPS, for The Hallack & Howard Lumber Company; Mr. GEORGE S. REDD, for The Hinchman-Renton Fire Proofing Company, plaintiffs in error.

Mr. J. F. FARRAR, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

A number of lien claimants brought suit to foreclose their respective claims of mechanics' lien upon the premises owned by defendants in error, for materials alleged to have been fur-

nished in the construction of a building thereon, known as the Opera House building in the city of Fort Collins. Among these several claimants were the plaintiffs in error. Each suit was a separate one and upon the trial all were consolidated and tried at the one hearing, as provided by statute. The lien claims in all cases were sustained with the exception of those of plaintiffs in error, each of which was denied by the trial court.

It appears that the defendants in error, entered into a contract with the defendant, The Cole-Potter Construction Company, a corporation, for the construction of such opera house building. The owners prior to the commencement of construction, filed for record a certain contract, but it is agreed that this was insufficient to protect the defendants under the statute in such case, and is therefore eliminated from consideration. It also appears that the Cole-Potter Construction Company, some time during the month of October, 1907, and before the completion of the building, abandoned the contract. The Cole-Potter Construction Company made no appearance in any of these cases.

The Hinchman-Renton Fire Proofing Company's claim was for certain metal lath furnished and used in the construction of the building, and of the value of $109.35. The only objection to the allowance of this claim urged and considered by the trial court, was the claim of the appellees that no service of summons in the cause was had upon the contractors, The Cole-Potter Construction Company. This service was questioned in the supplemental answer of appellees to the complaint of The Hinchman-Renton Fire Proofing Company, in which it was alleged that C. S. Potter, upon whom the personal service had been made as secretary of the Cole-Potter Construction Company, was not at the time of service of summons, either an officer, director, stock-holder or employee of such corporation and that said Potter at the time of the service of such summons, so stated to the officer making the service.

The return of the sheriff is in every respect, regular on its face, showing personal service upon defendant company by personally serving C. S. Potter as its secretary.

It is not necessary, however, for us to consider the question of the impeachment of the return, for that is not a question that can be raised by the defendants in error in this case; and if it was, the objection was waived by them by first filing an answer, without objection to the sufficiency of the service upon The Cole-Potter Construction Company, and thus entering a general appearance in the cause. The question was attempted to be raised by a supplemental answer filed more than a year after the general appearance.

An objection to a return, whether made by motion to quash or by plea in abatement, must be taken *in limine,* for by appearing to the action and pleading to the merits, all such objections are waived.—18 Enc. P. & P. 975.

This being the sole question in the case, and for this reason, the judgment of the district court as to The Hinchman-Renton Fire Proofing Company, is reversed.

The claim of the applicant, The B. F. Salzer Lumber Company, was for two cars of lumber to be used as sheeting, and of the total value of $1,086.55. This was ordered by the Cole-Potter Construction Company, contractors, for use in the opera house building of defendants, and the two cars were delivered on July 28th, and August 19th, 1907, respectively. This material was delivered and placed upon a lot adjoining the grounds upon which the opera house was being constructed, permission to use such lot for the purpose having been secured for the construction company through one of the defendant owners.

There can be no question but that this sheeting lumber was sold by the lumber company to the construction company, for use specifically in the opera house building then being constructed. But it is contended that little or none of this lumber was used in the construction of such building, and that

some of it was used in another building, then being constructed by The Cole-Potter Construction Company, and for other parties, known as the State Mercantile building, and that some of the lumber was sold by the construction company to other parties. It is also urged that the construction company ordered for use in the building, from the Salzer Company, more of this kind of lumber than was necessary for the purpose, and likewise ordered more from the Hallack and Howard Company, of the same kind of lumber than was used in the building.

These contentions of fact must be admitted, with the additional statement that the Salzer Company did not have knowledge that lumber for the same purpose was being furnished by the Hallack and Howard Company. It appears also that the business office of the Salzer Company was at Denver, and that the lumber was shipped from its yards at Frazer, Colorado.

It is insisted that under this state of facts, the lumber company was not entitled to its claim of lien. Sec. 4025, Rev. Stat. 1908, provides:

"Mechanics, material men * * furnishing materials to be used in the construction, alteration, addition to or repairs, whether in whole or in part, of any building * * * shall have a lien upon the property * * * for which they had furnished materials * * * whether at the instance of the owner or any other person acting by his authority or under him as agent, contractor or otherwise."

In the case of *Small v. Foley*, 8 Colo. 444, this court in construing a similar statute, said:

"One of Foley and Leonard's assignors was The Holmes Hardware Company. It appears that of the hardware furnished by them for the houses, after it had been delivered at the proper places, $35.00 worth was removed by Mr. Rankin to another house and was not actually used in these houses. So far as appears, this material was removed by Rankin without the knowledge of the hardware company.

Counsel say it was error to include this amount in the decree. The statute gives to any person who, by contract with the owner, shall furnish any material for the construction of any building, a lien upon the building, and the land it occupies. He is not required to see that it actually goes into the building. If, by contract, he furnishes it for the building, whether it is used there or not, he is entitled to the lien. This is what the statute says, and we cannot by construction distort his language into something else."

This doctrine was reaffirmed as applicable to the present statute in *Rice v. Cassells,* 48 Colo. 73. This was a case where the contractors had purchased for use in a building certain, brick, which had been delivered on the ground near and convenient for such use. The contractors failed before the completion of the structure, and gave a chattel mortgage on the unused brick to a third party. In an action of replevin by the mortgagee against the owners of the building, it was held that the action could not be maintained. The court said:

"The reason for the rule is, that in such circumstances the material man is entitled to a lien upon the structure for the construction of which the materials are sold and delivered; and for the protection of the owner of the building under course of construction, a qualified title to such material is vested in him. Of course, it will be understood that in stating the above rule it is limited to the facts of this case, Crawford, who sold the brick to Mowrey and Klein, did so in good faith, and upon the credit of the building, for the reason that he sold them with the express understanding that they were to be used in the construction of that part of a building which the contractors had agreed to construct for the lodge. The brick were actually placed upon the ground in the immediate vicinity of the building, and part of them used in its construction. It would certainly be unjust to compel the lodge to discharge a lien which Crawford might have asserted for the brick furnished, of which it never had the benefit, and at the

same time it would be equally unjust to defeat the right of the material man to a lien for the brick furnished by holding that because they had not been wrought into the structure, no lien attached."

There is nothing in this case tending to show other than a good faith sale by The Salzer Company to the contractors, and that the material so sold was for use in the opera house building and delivered on the grounds in the city of Fort Collins, used for the storage of materials to be used in such building.

The claim of lien should have been sustained. The judgment of the lower court as to The Salzer Lumber Company, is reversed.

In the case of the claim of The Hallack and Howard Lumber Company, it does not appear that the lumber was sold and furnished for the particular building, but rather that the company simply knew that The Cole-Potter Construction Company was at the time engaged in the construction of both the opera house, upon which the lien is claimed, and the State Mercantile building. Neither does it appear that there was an agreement that the material so furnished was to be used in either of such buildings.

The Hallack and Howard Lumber Company filed a claim of lien upon both buildings, but afterwards abandoned the one on the State Mercantile building. The secretary of the company testified that he did not know in which of these buildings the material had been used until his visit to Fort Collins, after the completion of the building. So that from the testimony it does not appear that there was any contract between The Hallack and Howard Company and the construction company, that the lumber so sold should be used in the opera house building, which would seem necessary to sustain a lien upon that property. Before a lien may attach it must appear that the materials were expressly furnished and delivered for use in constructing a specified building.—*Rice v. Cassels, supra.*

The judgment of the district court denying the claim of lien to The Hallack and Howard Lumber Company is affirmed.

The case is remanded with direction to the district court to enter judgment in accordance with the views herein expressed.

CHIEF JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.