[No. 3976.]

## MILWAUKEE GOLD MINING COMPANY V. TOMKINS-CRISTY HARDWARE COMPANY:

1. MECHANIC'S LIENS—*Mining Property.* Mechanic's liens asserted against mining properties are governed by the same rules which control liens upon real property of other character (Rev. Stat. sec. 4028). (158)

2. —— *Improvements by Lessee.* A lease and bond of a mine containing no provision for the erection of buildings, or for any improvement save that incidental to active mining, does not authorize the lessee to impose a lien upon the premises for materials furnished for enlarging and equipping a mill situate thereon. *Clark Co. v. Centennial Company,* 22 Colo. App. 174, explained. (160)

3. —— *Improvements Made With Owner's Knowledge.* One seeking to enforce a lien under Rev. Stat. sec. 4029 for improvements made with the knowledge of the owner, must both allege and prove such knowledge, and further that the materials for which the lien is claimed were furnished to be used in the particular improvement in question, and notice to the owner of such intended use. (161)

An allegation that "at the time of furnishing said supplies defendant had full knowledge and notice thereof" is not sufficient. (161)

4. ——*Lien for Material.* One seeking to enforce a lien for material must prove a mutual understanding existing at the time of the delivery, that the material is to be used for the particular structure or improvement in respect of which the lien is claimed. (158)

*Error to the Dolores District Court*   HON. CHARLES A. PIKE, Judge.

MR. C. L. WATSON for plaintiff in error.

MESSRS. ADAMS & HOGG for defendant in error.

KING, J., delivered the opinion of the court.

This action was brought by The McFarlane Manufacturing Company to establish and foreclose a mechanic's lien upon

the property of the defendant, The Milwaukee Gold Mining Company. The defendant, The Tomkins-Cristy Hardware Company, filed its cross-complaint, praying that it be adjudged a first and prior lien upon said property for materials furnished, and that said lien be foreclosed. Upon this cross-complaint and the reply of The Milwaukee Gold Mining Company, the cause was tried and judgment rendered in favor of the cross-complainant. To reverse the decree in so far as it adjudges a lien against its property, The Milwaukee Gold Mining Company brings the case here on error. For brevity, The Tomkins-Cristy Hardware Company, defendant in error, will be designated "the plaintiff;" The Milwaukee Gold Mining Company, "defendant;" The Smuggler-Almont Gold Mining Company, the "Smuggler-Almont Company."

The property on which the lien is claimed is a group of lode mining claims and a millsite in Dolores county, owned by the defendant. The lien is claimed on account of certain materials alleged to have been sold and delivered by the plaintiff to the Smuggler-Almont Company, to be used, and used, in improving the mining claims and millsite. The cross-complaint, hereinafter called the complaint, contains two counts or causes of action. The first count predicates the right to a lien against the property of the defendant upon the theory and allegation that said company expressly authorized and directed the Smuggler-Almont Company to make the improvements. The second count is identical with the first, except that it predicates the right to a lien upon the theory and allegation that the defendant, the owner of the property, had full knowledge of the furnishing of the materials, but failed within five days thereafter to give notice in any manner that its interest in the premises should not be subjected to a lien therefor. The defendant's reply put in issue all material allegations of the complaint, except its ownership of the mining property and the recording of the lien statement, and certain other purely formal allegations, which were admitted.

The evidence upon which, together with the pleadings, the judgment for plaintiff was based, was furnished by the testimony of Richard Kellar, the only witness sworn. He was the president and manager of the Smuggler-Almont Company, and stated that at the times mentioned in the pleadings, that company was operating, under a bond and lease, the Smuggler-Almont mine; that such bond and lease was between the Milwaukee Company and William Wittle, and assigned by said Wittle to the Smuggler-Almont Company; that witness bought, for his company, mine and mill supplies from the Tomkins-Cristy Company amounting to $965.36, which had not been paid for; that said material was used upon this property, the largest part of it for the enlarging and equipping of a mill, but a part of it went into the mine; that the work done consisted chiefly of cleaning up and developing the mine, retimbering, laying new track, doing new development work, and mining ore. Plaintiff offered in evidence a certified copy of the record of what purported to be a bond and lease from the defendant to the aforesaid Wittle, and the assignment thereof to the Smuggler-Almont Company. The instrument was not acknowledged, and there was no other proof of its execution, nor of the execution of the transfer, but over proper objection made by defendant, the instrument and the transfer were admitted.

The court overruled defendant's motion for non-suit made upon the ground that the complaint did not state facts sufficient to constitute a cause of action against it, and that the evidence was insufficient to sustain the judgment, and entered a decree establishing the lien and ordering its foreclosure.

Conceding, but not deciding, that the complaint stated a cause of action, we think the evidence wholly insufficient to support the decree.

1. There is not a scintilla of evidence to show that the plaintiff, being a materialman, at the time it furnished the materials and supplies, knew that the same, or any thereof,

were to be used in, about or upon the property or premises of the defendant company.  If such was the case, it was incumbent upon the plaintiff to produce evidence thereof at the trial. There is no evidence to show that the supplies were not furnished or sold by the plaintiff relying wholly upon the credit of the Smuggler-Almont Company, except that a portion of the supplies were furnished upon the personal guaranty of Kellar, the president and manager of said company.  The provisions of section 4028 R. S. '08, 4583 M. A. S. 1912, applying to liens on mining property are governed by the same rules that apply to a lien upon other property.—*Wilkins v. Abell,* 26 Colo. 462, 58 Pac. 612.  The general lien act provides:

"* * * Materialmen * * * furnishing materials *to be used* in the construction, alteration, addition to or repair of any building * * * or any other structure or improvement upon land * * * shall have a lien upon the property upon which they have * * * furnished materials," etc.

It seems to be quite uniformly held that under this and similar statutes, it is necessary to prove that at the time the material was furnished there was a mutual understanding between the materialman and the contractor that the material was furnished to be used in the construction of a particular building or the improvement of certain property; or, at least, that there was such understanding upon the part of the materialman, and in the absence of such proof, the lien cannot be sustained.—*Tabor-Pierce Lumber Co. v. International Trust Co.,* 19 Colo. App. 108, 75 Pac. 150; *Roebling v. Irrigation Co.,* 99 Cal. 488, 34 Pac. 80; *Rice v. Cassells,* 48 Colo. 73, 108 Pac. 1001; *Salzer Lumber Co. v. Lindenmeier,* 54 Colo. 491, 496, 131 Pac. 442; *Johnson v. Simmons,* 123 Ala. 564, 26 South. 650; *Chapin v. Papier Works,* 30 Conn. 461, 79 Am. Dec. 263; *Colorado Iron Works v. Riekenberg,* 4 Idaho 705, 43 Pac. 681; *Wendt v. Martin,* 89 Ill. 139.

2. We think the court erred in admitting in evidence the certified copy of the record of the alleged bond and lease. The certified copy furnished no competent evidence that the instrument had been executed by the defendant, and no other evidence of its execution was offered. Its admission contravened the rules of evidence at common law and of our statute, which to some extent is a relaxation of the rule of common law. The statute provides:

"Deeds, bonds and agreements in writing, for the conveying or incumbering of real estate, or any interest therein, shall be deemed from the time of being filed for record, notice to subsequent purchasers or incumbrancers, though not acknowledged or proven according to law, *but neither the same, nor the record thereof, shall be read as evidence, unless subsequently acknowledged or proved according to law, or unless their execution be otherwise proved in the manner required by the rules of evidence* applicable to such writings, so as to supply the defects of such acknowledgment or proof."

—Section 696 Rev. Stats. 1908, 838 M. A. S. 1912.

The evidence offered should have been rejected. Without it, there is no proof of contractual relations between the defendant and the Smuggler-Almont Company upon which to predicate an agency in the latter company for the former that would support a lien upon defendant's property for goods furnished by the plaintiff at the instance and request of the Smuggler-Almont Company, and for that reason, if for no other, there is a failure of proof to support the first cause of action. The materials are not shown to have been furnished at the instance of the owner of the property or its agent. But if the execution of the bond and lease had been duly proved, so as to be considered in evidence, we think that fact would not affect our conclusion as to the first cause of action. An examination of the instrument discloses that it is an ordinary mining lease, with an option to purchase, providing for development work in general, but with no pro-

visions for specific buildings or other permanent improvements except the work done in the usual operation of an active mine. The relation of vendor and vendee is not thereby created. The right to a lien for materials furnished to the lessee, comes clearly within the authority of, and is denied in, *Wilkins v. Abell*, 20 Colo. 462, 58 Pac. 612; *Antlers Park R. M. Co. v. Cunningham*, 29 Colo. 284, 68 Pac. 226; *Williams v. Eldora-Enterprise G. M. Co.*, 35 Colo. 127, 83 Pac. 780. There seems to be a misconception of the meaning and effect of the decision of this court in *Clark Hardware Co. v. Centennial T. M. Co.*, 22 Colo. App. 174, 123 Pac. 322, as to the right to maintain a lien on the property of a lessor, for material furnished to a lessee and by him used in making improvements on said property. That decision, so far as it held the lessor's property subject to a lien, was predicated wholly upon the provisions of section 5, chapter 118, Session Laws of 1899, section 4029 Rev. Stats. 1908, 4584 M. A. S. 1912. The complaint in that case alleged that the materials were furnished and used for the working and preservation, prospecting and developing of certain mining property, thereby enhancing its value, *with the knowledge of and notice to the owner*, and that, notwithstanding such knowledge and notice, the owner did not give notice that the property should not be subject to a lien. As against a general demurrer, those allegations were held sufficient to constitute a cause of action for a lien under the provisions of the foregoing section. The existence of the relation of lessor and lessee as between the owner of the property, and the person to whom the materials were furnished was but an incident in that case, and in no manner affected the right to the lien under the pleadings attacked by the demurrer. It was not the intention of the writer of that opinion, nor of the court, to hold that the mere relation of lessor and lessee is of itself sufficient to subject the interest in real estate belonging to the lessor to a lien on a contract for labor done or materials furnished to or at the instance of the lessee. That such was not the view of

the court is shown by our later ruling in *Fisher v. McPhee &
McGinnity Co.,* 24 Colo. App. 420, 135 Pac. 132.

3.   The defendant in error contends that the lien can be
sustained under the second cause of action.   The statute upon
which this cause of action is predicated has been construed
by this court in *Fisher v. McPhee & McGinnity Co., supra.*
It provides that improvements made upon land *with the
knowledge of the owner* shall be held to have been made at
his instance and request, to the extent that the land shall be
subject to a lien for such improvement, unless the owner shall,
*within five days after he shall obtain notice* of the improve-
ment, give notice that his interest shall not be subjected to a
lien for the same, in the manner provided in said statute.   It
is further provided that the provisions of said section shall
not apply to any owner who shall have contracted for such
improvement.—Session laws 1899, page 261, section 5, 4029
R. S. '08, 4584 M. A. S. 1912.   There is no allegation in the
second cause of action that the defendant had knowledge or
notice of the making of the improvements on its property, or
that the materials furnished by the plaintiff were used in
the construction, alteration or repair of any buildings, struc-
tures or other improvements on its property.   The complaint
alleges that "at the time of furnishing said hardware, mill
and mine supplies, defendant had full knowledge and notice
thereof."   This allegation is defective, but, conceding it to be
a sufficient allegation to bring the plaintiff and defendant
within the terms of that section of the statute, no testimony
was offered to show that defendant had such knowledge or
notice, and nothing from which such notice can be inferred.
Furthermore, we are of the opinion that in order to sustain a
lien under this section in behalf of a materialman, it must
be shown that the materials were furnished to be used in the
building or other structure or improvement upon the property
sought to be charged with the lien, and with the knowledge or
understanding that they were to be so used, and credit thereby

given to the property into which they were to be wrought or incorporated, as well as to the purchaser.

*Reversed.*