508 P.2d 801 (1973)
STAR SPRINKLER CORPORATION OF FLORIDA, a Florida corporation, Plaintiff-Appellant,
v.
MEAD AND MOUNT CONSTRUCTION COMPANY, a Colorado corporation, et al., Defendants-Appellees.
No. 71-500.
Colorado Court of Appeals, Div. II.
February 14, 1973.
Rehearing Denied March 13, 1973.
Akolt, Dick, Rovira, DeMuth & Eiberger, Stuart S. Gunckel, Denver, for plaintiff-appellant.
Doyle & Biesterfeld, James D. Doyle, M. Dee Biesterfeld, Denver, for defendants-appellees Mead and Mount Construction Co., a Colo. corp., The Aetna Life and Casualty Co., a Conn. corp., and Federal Ins. Co. of New Jersey, a N. J. Corp.
Not Selected for Official Publication.
ENOCH, Judge.
Seeking recovery for materials used in certain public works projects, Star Sprinkler Corporation, plaintiff-appellant, brought a mechanics' lien action against Mead and Mount Construction Company, Aetna Life and Casualty Company (Aetna), Federal Insurance Company of New Jersey (FIC), the City and County of Denver, and Denver's Manager of Public Works, defendants-appellees. Two claims were made pursuant to C.R.S.1963, 86-7-7, involving separate public works projects. The case was tried to the court resulting in a judgment for defendants and a dismissal of plaintiff's claims. We affirm.
*802 Denver entered into contracts with Mead and Mount for the construction of an airplane hangar to be leased to Frontier Airline and for the construction of a training center to be leased to United Air Lines. Both Aetna and FIC had issued performance bonds on the Frontier project and FIC alone bonded the United project. Mead and Mount, as general contractor, subcontracted the installation of the fire protection system to Automatic Fire Control Corporation (Fire Control) for the Frontier project. Fire Control became the sub-subcontractor for the installation of the fire protection system on the United project.
Fire Control's supplier of many necessary parts needed for both jobs was Star Sprinkler. Fire Control went out of business in 1969 with Star Sprinkler remaining an unsatisfied creditor, and Star Sprinkler now seeks to recover from defendants the unpaid account for materials allegedly used in the two projects.
Plaintiff's argument cites a portion of the public works lien statute which provides that the supplier of materials "used or consumed" in a public works project may pursue alternative remedies in the event his claim for those materials has not been paid. C.R.S.1963, 86-7-7. Besides the traditional method of seeking payment from the surety pursuant to C.R.S.1963, 86-7-7(3), the supplier may apply under C.R.S.1963, 86-7-7(2), for the principal to retain sufficient funds after final settlement to insure that any rightful claim by the supplier be satisfied. Star Sprinkler made application for retainage under the statute.
Star Sprinkler contends, inter alia, that, since it was undisputed that some of its material was used in the projects, it was error to base the dismissal of its claims on the grounds that Star Sprinkler did not deliver the materials directly to both sites. This contention implicitly assumes that the trial court's finding concerning the lack of sufficient identification was based solely on the fact that the material was not delivered directly to the particular job site. The record does not support this assumption. Lack of delivery to the job sites, which may, in and of itself, in some cases preclude the establishment of a lien, was only one fact in the total evidentiary picture which supports the judgment.
It has been held generally that payment is a bar to recovery on a lien claim, American Irrigation Co. v. Fadenrecht, 30 Colo.App. 28, 489 P.2d 1060, and that a lien cannot be sustained in the absence of proof that the materials were expressly furnished for a particular building project. B. F. Salzer Lumber Co. v. Lindenmeier, 54 Colo. 491, 131 P. 442, Milwaukee Gold Mining Co. v. Tomkins-Cristy Hardware Co., 26 Colo.App. 155, 141 P. 527. Further, we have held that, under circumstances similar to the case at hand, "the lack of proof of delivery to a specific job, particularly where the subcontractor had other projects in progress to which materials were delivered, is fatal to the lienors' claim." American Factors Associates, Ltd. v. Triangle Heating and Sheet Metal Co., Colo.App., 503 P.2d 163. We hold that these rules are also applicable to public work liens under C.R.S.1963, 86-7-7.
There is no dispute that Star Sprinkler products were installed in both public works projects by Fire Control. This fact falls short, however, of sustaining a valid lien. To establish its lien, it was incumbent upon plaintiff to prove not only that its materials had been "used or consumed" on the project but also that such materials had not been fully paid for by Fire Control.
Evidence in the record, however, shows that Fire Control ordered material from Star Sprinkler over an extended period of time, generally in round lots, for inventory stock and that some payments were made by Fire Control. Distribution to the Frontier and United projects as well as many other Fire Control jobs were made as needed from that stock. Moreover, Fire Control had a supply on hand of *803 items used when the Frontier and United jobs began as well as at the time Fire Control went out of business. Also, invoices from Star Sprinkler for materials ordered and supplied had no project identification or contract numbers.
Under this state of the record, Star Sprinkler was unable to meet its burden of showing that its materials used on each of the jobs in question were the materials which had not been paid for by Fire Control. Even though the payments made by Fire Control did not cover all of the materials used on both job sites, the evidence does not establish which of the jobs, involving different bonding commitments, contained the unpaid items. Thus, the evidence supports the trial court's findings, and the judgment denying the liens was correct.
The other alleged errors concerning timely filing of plaintiff's claims and plaintiff's failure to place in evidence the contracts and bonds need not be considered since the judgment was justified for the reason stated. Even a determination that the trial court erred on the other issues presented by plaintiff would not require a reversal of the judgment entered.
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.