Wilson, J.
This was an action in debt by attachment. The complaint contained five counts. The first alleged an indebtedness in the sum of $104, on account of merchandise sold and delivered by plaintiffs to defendant. The four remaining counts were upon various sums of indebtedness alleged to have been on account of the sale and delivery to defendant of goods and merchandise by four other mercantile firms, the several accounts for which had been assigned to plaintiffs’ firm. Service was by publication, it being alleged that the defendant had left the state and could not be found so that personal *416 service could be had upon him. On November 11, 1897, the defendant not appearing, the proper proofs being made, .judgment was rendered for the amount claimed in the complaint. On May 8, 1898, nearly six months after the rendition of judgment, defendant appeared by his counsel and moved to set aside and vacate the judgment under the provisions of code, section 75. The motion was supported by an affidavit of defendant, to which we will refer hereafter. The motion was denied, and from this defendant appeals.
It is conceded that the granting or denying of such an application under section 75 is by the terms of the section made discretionary with the court, and that it has been expressly determined by the supreme court that, although the exercise of such discretion is subject to review, to warrant interference by appellate courts, a gross abuse of discretion must appear. R. E. Lee S. M. Co. v. Englebach, 18 Colo. 111.
It is contended, however, that in cases like the present, where the defendant was a nonresident and there was no personal service, the court ought to be liberal in vacating the judgment and granting leave to answer. This may be an important factor to consider under certain circumstances, and no doubt would be considered by the trial courts ; but, even then, it is equally true that there must be some showing made that the judgment was improper; that the defendant had been wronged thereby, and that he had a meritorious defense to the action. There must be some facts presented to the court upon which it may base the exercise of its discretion. The mere motion would not and ought not to be sufficient. There must be sufficient showing to the court to demonstrate the possibility, at least, that if the judgment was vacated and a new trial had, the result would be different. Any other view of this proposition would tend to ' obstruct and delay justice, rather than to dispense it. The great length of the defendant’s affidavit which supported the motion precludes its insertion into this opinion. Taken as a whole, it appears to us to be evasive and entirely insufficient to have justified the court in granting the motion. On the *417 contrary, after a careful inspection of it, we are of opinion that the allowance of the motion would have been a wrongful exercise of discretion. We shall refer briefly to some portions of the affidavit, so as to make clear our objections. Affiant admits that at the time of the institution of the suit, he was indebted to plaintiffs in a sum not exceeding $110, but avers that long prior to the rendition of the judgment, this indebtedness had been fully “liquidated, satisfied and discharged.” He does not allege payment, nor state in what manner this liquidation, satisfaction and discharge had been effected, so that the court might have an opportunity to pass upon it. He makes no reference in any portion of the affidavit to the indebtedness to the four several mercantile firms whose assigned accounts were embraced in four counts of the complaint. He neither acknowledges nor disputes these. Again, he states that if the judgment is set aside, and he be permitted to appear and answer, “he will be able to defeat the plaintiffs in the said action and to recover judgment against them for his costs in that behalf expended.” He does not submit to the court what his defense would be, nor does he say that he has submitted his case to counsel, and has been by them advised that he has a good and meritorious, or any, defense. He states that not until after the judgment was rendered against him was he informed as to the amount and extent of the claims of the plaintiffs, or the amount of the judgment which they sought to recover. He does not state when this knowledge reached him, and the presumption in such case must be against him, the burden being upon him to show everything that would entitle him to a vacation of the judgment in the exercise of sound discretion by the court. Presumably, therefore, he must have known the amount of the judgment demanded against him very soon after it was rendered. He does not attempt to excuse his delay of nearly six months in attempting to set aside the judgment, simply contenting himself with the statement that as soon as it was possible after such information reached him, viz, the amount of the judgment demanded, he *418 took active steps to have the same vacated. It is true, that under this code section, a defendant not personally served with summons has twelve months within which to apply to have a judgment vacated, but the lapse of time after he obtains knowledge of the judgment and before be applies may be, and indeed is, in many cases an important factor to be considered by the court in exercising its discretion. He nowhere says in the affidavit that he did not have knowledge long before the rendition of the judgment that the suit instituted by these plaintiffs was pending against him. The affidavit upon which the order for publication of summons was based stated that the last known place of residence of the defendant was at Lowry City, St. Clair county, Missouri. To the defendant, at this address, the clerk of the court, it appears from his affidavit in the record, mailed a copy of the summons and of the complaint immediately upon the issuance of the order for publication. The defendant in his affidavit says that he was then (April 16,1898, the date of the execution of the affidavit) and had been for some time past, residing in Caldwell county, state of Missouri. He does not state how long he had been residing there, nor where he was residing in August, 1897, when the clerk mailed to him the copy of the summons and complaint. For aught the court knows, he' may at that time have been residing at Lowry City. Neither does he deny that he received a copy of the complaint and summons. There are other defects in the affidavit, but those to which we have called attention are enough to show its complete insufficiency.
Another contention of defendant, strenuously urged, is that the court had no jurisdiction to render the judgment at the time it did. This is based upon alleged defects in the affidavits of the publishers, showing the publication of summons. This was in the usual form required by the code. The defendant insists, however, that the legislature in 1897 enacted a law which controls the publication of summons. Session Laws, 1897, p.-177,178.
This was to the effect that, — “ No legal notice, advertise *419 ment or publication of any kind required or provided by the laws of the state to be published in a newspaper, shall be published or have any force or effect as such ” unless published in a newspaper printed in the county in which the notice was required to be printed, and which newspaper, if published weekly, has been continuously and uninterruptedly published in said county during a period of twenty-six consecutive weeks prior to the first publication. Section 2 provides that the affidavit of the publisher shall, in addition to other matters required and set forth by law, state that the newspaper in which the notice shall have been made has been established for the length of time required, and is a newspaper within the meaning of the act.
Counsel contend that this act is in the nature of an implied amendment to the provisions of the code relating to proof of summons by publication. We are frank to say that the contention of counsel does not strike us very favorably, but it is unnecessary to decide the question. A portion of section 1 of the act which counsel did not quote in their brief, provided that the act should not apply to the counties in which no newspaper had been published for the required length of time. This may have been the case with reference to the newspaper in which this publication was made, and, if so, the act did not apply to it and the publisher was not required to make any certificate as to the length of time his paper had been published. Obviously, the burden was upon the defendant, as he was attacking the judgment, to have made some allegation in his affidavits and proofs to show that the newspaper in question was one which did come within the terms of this act. This, he wholly failed to do.
Defendant claims that there was still another reason why the court erred in refusing to sustain the motion. It appears that the summons, in stating the cause of action, said that it was for an indebtedness in the specified amount “ due upon an overdue book account for goods, wares and merchandise sold and delivered by the plaintiffs to you at your special instance and request,” etc. This was technically incorrect, of course, *420 because four counts in the complaint were upon an indebtedness for goods sold by other firms. The contention is that this was manifestly misleading, and that hence the court had no authority to render judgment upon such a summons. If it was misleading, it was certainly not so to the defendant in this case,’ if his affidavit is correct, because he says that he never saw the summons and was not informed as to the amount and extent of the claims of plaintiffs, as set forth in their complaint, nor the amount of judgment asked against him, until after the judgment had been rendered. We do not think the mistake was of sufficient gravity to have invalidated the summons, because we cannot see that it prejudicially affected any right of defendant; certainly, it did not mislead him, because he says he knew nothing about it until after judgment.
We see no error in the action of the court in denying the application to vacate the judgment, and it will be affirmed.

Affirmed.