[No. 2466.]

AUCKLAND v. LAWRENCE.

1. **Appellate Practice—Exceptions—Instructions.**

Alleged error in giving or refusing to give instructions will not be considered on appeal where no exception was taken to the giving or refusal to give such instructions.

2. **Damages—Evidence.**

In an action for damage to plaintiff's corn, which was about mature, by defendant's hogs, an estimate of the amount and value of the corn destroyed, made by plaintiff, a farmer, who went over the field after the trespass and examined it as to the injury done, was competent evidence to show the damage done, and was sufficient to sustain a verdict for plaintiff.

*Appeal from the County Court of Otero County.*

Mr. FRED A. SABIN and Mr. R. S. BEALL, for appellant.

Mr. O. G. HESS, for appellee.

GUNTER, J.

This action was to recover for alleged trespasses by the hogs of appellant upon the cornfield of appellee. A trial before the justice resulted in a judgment for appellee in the sum of $10.00, and on appeal to the county court in a judgment for $12.00. To review the latter judgment the case is here.

It is said the court erred in giving instruction No. 2, and in denying refused instruction No. 1.

A sufficient reason for declining to sustain this contention is that no exception was taken to the giving of instruction No. 2, or to the refusal to give instruction No. 1.—*Packer v. The People*, 26 Colo. 310; *French v. Guyot*, 30 Colo. 224, 228.

We have, however, examined both instructions. No prejudicial error was committed in giving the one, or in refusing the other.

It is further said there was no sufficient evidence of the damage done for the question to go to the jury.

The damage done was to the corn of appellee, which was about matured. Appellee, a farmer, went over the field after the trespass and examined it as to the injury done. The extent of the injury he determined by estimating the value of the corn destroyed by appellant's hogs. He gave this estimate to the jury as the amount of his damages. This testimony was competent and sufficient in itself to sustain the verdict.

The judgment should be affirmed.

*Affirmed.*