[No. 7744.]

## FULLEN V. WUNDERLICH.

1. PRACTICE IN SUPREME COURT—*Questions not Presented Below,* will not be considered in this court, even though upon application to vacate a judgment, and the objection goes to the jurisdiction of the court.

2. JUDGMENT—*Vacating—Summons not Personally Served*— Whether upon application under section 81 of the code a judgment rendered without personal service may shall be vacated, is in the discretion of the court.

The action was instituted in January, 1911, and judgment entered July 20th, A. D. 1911, upon publication of the summons, the clerk of the court had mailed a copy of the summons and complaint to defendant, at the address given in the affidavit for publication. The motion to vacate the judgment was filed February 11th, A. D. 1912. No explanation was given of this delay. The affidavit in support of the motion failed to show that defendant was ignorant of the pendency of the cause, nor that he failed to receive the copy of the summons and complaint, nor that the address given in the affidavit for publication was not his address. The affidavit was held insufficient, and the motion properly denied.

*Error to Phillips County Court.*—Hon. S. S. WORLEY, Judge.

Messrs. ROLFSON & HENDRICKS, for plaintiff in error.

Mr. W. D. KELSEY, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

Upon July 20th, 1911, the plaintiff, defendant in error here, secured a judgment against the defendant, plaintiff in

error here, in the sum of $265.15 and costs taxed at $32.54. This judgment sustained a writ of attachment theretofore levied upon real estate, and included an order that so much thereof as was necessary to satisfy the judgment, be sold under special execution. This was issued upon the same date and returned August 15th, 1911, showing the sale of the property, etc.
property,etc.

Upon February 9th, 1912, the defendant filed a motion to set aside the judgment and for leave to answer to the merits of the original action for the following reasons: First, that defendant had not been personally served with summons and that judgment was entered on the 20th of July, 1911, being less than one year previous to the filing of the motion. Second, that the defendant has a good and sufficient defense to the action on the merits. This, it is alleged, more fully appeared in the affidavit of the defendant filed with the motion. It states, that he is a non-resident of Colorado; that he has not been personally served with summons in the above entitled action; that the judgment was entered on the 20th day of July, 1911; that he has fully and fairly stated the case to his counsel and after such statement he is advised by his counsel and believes that he has a good, full and perfect defense to the action upon the merits.

The motion to vacate the judgment, etc., was overruled. The defendant brings the case here for review.

Many reasons are urged why the court was without jurisdiction in the original action, the pleadings defective, the service void, the proceedings irregular, the judgment void, voidable, etc. As none of these questions were raised in the court below upon this motion, following the well recognized practice of this court, we will not consider them, but will limit our review to the reasons then raised and passed upon, as to why the motion should be granted.—*Cone v. Eldridge,* 51 Colo. 564; *Leary v. Jones,* 51 Colo. 185; *Jakway v. Rivers,* 48 Colo. 49; *Rice v. Cassells,* 48 Colo. 73; *Nelson et al. v.*

*Chittenden,* 123 Pac. (Colo.) 656; *Barr v. People,* 30 Colo. 522; *Auckland v. Lawrence,* 20 Colo. App. 364; *Quinn v. Baldwin Star C. Co.,* 19 Colo. App. 497; *City of Denver v. Moewes,* 15 Colo. App. 28; *Clayton et al. v. Clayton's Heirs, etc.,* 4 Colo. 410.

The defendant's contention presented by his motion rests upon the proper construction to be given the concluding clause of general section 81, Revised Code, 1908, it reads:

"When for any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." It is claimed that when a defendant brings himself within the provisions of this paragraph and shows he has a meritorious defense that he is entitled to this relief as a matter of right without showing mistake, inadvertence, surprise or excusable neglect, that the court has no discretion, but must grant the relief. *Gray v. Lawlor,* 151 Calif. 352, the cases therein cited and other California cases are cited to sustain this position. Whatever may be the rule in other jurisdictions, under their code provisions, it has been held by this court and by our court of appeals that the granting or denying of a motion to set aside a judgment and to allow answer to the merits under section 81, *supra,* is discretionary with the trial court.—*R. E. Lee S. M. Co. v. Englebach,* 18 Colo. 106; *Donald v. Bradt,* 15 Colo. App. 414; *Morrell H. Co. v. Princess G. M. Co.,* 16 Colo. App. 54.

Eliminating the question of the sufficiency of the affidavit pertaining to merits, under the circumstances disclosed we do not think the court abused its discretion in overrulling the defendant's motion. The suit was instituted in January, 1911; judgment was entered July 20th, 1911. The defendant's motion to set aside judgment and for leave to answer to the merits was filed February 9th, 1912. The affidavit in support thereof does not state that he was theretofore ignor-

ant of the pendency of the action, or if he was when knowledge reached him concerning it, or that he acted with any diligence thereafter; he in no manner attempts to excuse his delay of over seven months before making this attempt to have the judgment set aside. He does not state that he did not receive a copy of the summons and complaint mailed to him at his postoffice address in Nebraska. The burden is upon him to show everything that would entitle him to a vacation of the judgment in the exercise of sound discretion by the court. As stated by our court of appeals in *Donald v. Bradt et al., supra,* at page 418, "It is true, that under this code section, a defendant not personally served with summons has twelve months within which to apply to have a judgment vacated, but the lapse of time after he obtains knowledge of the judgment and before he applies may be, and indeed is, in many cases an important factor to be considered by the court in exercising its discretion." The affidavit upon which the order for publication of summons was based, states his last known place of residence was Grand Island, Nebraska. The clerk of the court, as appears from his affidavit in the record, mailed a copy of the summons and complaint to the defendant at that point, immediately upon the issuance of the order for publication. The defendant does not allege that he did not receive these papers or that Grand Island was not at that time his post office address. For all that appears in the affidavit the defendant could have known all about the suit and might be attempting to take advantage of his being a nonresident in order to delay its ultimate termination. In our opinion the affidavit in this respect was insufficient to justify the granting of the motion.

Perceiving no prejudicial error the judgment of the court in refusing to set aside the judgment and for leave to answer to the merits is affirmed.                    *Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.