### No. 12,030.

### REDEKER *v.* DENVER MUSIC COMPANY.

Decided March 5, 1928.    Rehearing denied March 24, 1928.

On motion to vacate a default judgment. Motion denied.

*Affirmed.*

### *On Application for Supersedeas.*

1. JUDGMENT—*Default—Court Discretion.* Application for leave to answer after entry of default is addressed to the sound discretion of the trial court.

2.      *Default—Leave to Answer—Application.*    Application for leave
to answer after entry of default, on the ground that the judgment
was procured in violation of an agreement with the attorney of
applicant's codefendant, no particulars of the agreement being given,
and without details as to why defendant was entitled to rely upon
such agreement, held insufficient.

3.      *Default—Leave to Answer—Showing.*    On application for leave to
answer after default, the burden is upon defendant to establish the
grounds on which he relies for relief, by clear, strong, and satisfac-
tory proof.

4.      *Default—Vacation—Showing.*    Where defendant applied for leave
to answer after entry of default judgment, on the ground that he
had no notice of the action, summons and copy of complaint having
been left with his wife at their home for him, there being no show-
ing as to why such service was ineffectual, it is held that there was
no abuse of discretion on the part of the trial court in denying the
application.

*Error to the District Court of the City and .County of Denver, Hon. Henry Bray, Judge.*

Mr. WAYNE C. WILLIAMS, for plaintiff in error.

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for
defendant in error.

*Department One.*

MR. JUSTICE WALKER delivered the opinion of the court.

UPON this application for supersedeas, the question
presented is whether the trial court committed error in
refusing to vacate a default judgment taken against
plaintiff in error.

The action was against both plaintiff in error and his
wife Anna Redeker, to recover the sum of $590, the un-
paid balance of the purchase price of a player piano sold
to Anna Redeker by the music company. She was sued
on her note, the husband under the family expense stat-
ute. Service was made on her personally at her home

in Denver, September 20, 1927; and at the same time copies of the summons and complaint were left with her for the plaintiff in error. Neither defendant having appeared in the action, judgment was taken against both, November 8, 1927. November 12, 1927, plaintiff in error filed his application to vacate the judgment and to be allowed to file an answer, which he tendered, denying the allegations of the complaint. November 28, 1927, the court denied the application.

The application was based upon section 81, Code of 1921. Because the summons was not left with him personally plaintiff in error asserts that his application is covered by the concluding paragraph of that section, providing for relief from default judgment at any time within one year where the defendant is not "personally served." It is not necessary for us to determine whether or not the plaintiff in error was "personally served" within the meaning of section 81, since it is settled that, even in cases of constructive service, the application for leave to answer after default taken is addressed to the sound discretion of the trial court. *Fullen v. Wunderlich*, 54 Colo. 349, 130 Pac. 1007; *Donald v. Bradt*, 15 Colo. App. 414, 62 Pac. 580; *Hollingsworth v. Ring*, 26 Colo. App. 121, 141 Pac. 139.

The sole inquiry therefore is whether or not the refusal of the trial court to vacate the default judgment constituted an abuse of discretion.

The matter was determined upon the verified application, no counter affidavit being filed, nor any evidence taken. The application states that the judgment was procured "in violation of an agreement which the plaintiff had with the attorney for the wife of Frank H. Redeker, the other defendant in this case." No particulars of the alleged agreement are given, nor is it shown why plaintiff in error was entitled to rely upon it. Clearly, this ground was insufficient. *Barra v. People*, 18 Colo. App. 16, 69 Pac. 1074; *Union Co. v. Cooper*,

15 Colo. App. 65, 60 Pac. 946. The application further states that service on plaintiff in error was secured solely by substituted service on Anna Redeker, "that petitioner was never notified and never knew of said service and never knew of said suit being brought and had no knowledge of this action or proceeding until after the judgment was secured in the above cause, on to wit the 8th day of November, A. D. 1927, * * * that after said judgment had been secured, he then first learned of the institution of said suit and of judgment being entered."

If in fact a defendant upon whom substituted service is obtained, is, without his connivance, not apprised of the service, and remains in ignorance of the pendency of the action until after the judgment is entered, and then applies promptly to have it set aside, refusal to grant him that relief would appear arbitrary. But in the circumstances of this case we cannot say that the trial court was bound to accept as true the statement of plaintiff in error, that he did not learn of the institution of the suit until after judgment was entered. Copies of the summons were left for him at his home with his wife. His application offers no explanation whatsoever of her failure to deliver the copies to him or to advise him of the institution of the action. He did not produce her affidavit nor explain his inability to procure it. It does not appear that any estrangement or separation had occurred in the interim. The burden was upon him to establish the existence of the grounds on which he relied for relief, by clear, strong, and satisfactory proof. 34 C. J. 358, *Fullen v. Wunderlich, supra; Donald v. Bradt, supra; Anderson v. Lazarowitz,* 142 N. Y. S. 304. We cannot hold, as we would be compelled to do in order to reverse this judgment, that the affidavit of a defaulted defendant upon whom substituted service had been obtained, that he did not learn of the institution of the suit until after the judgment was taken, compels the trial court to grant

him relief although he offers no explanation as to why the substituted service failed of the purpose which the law presumes it will accomplish.

The application for supersedeas is denied, and the judgment is affirmed.

Mr. Chief Justice Denison, Mr. Justice Burke and Mr. Justice Whitford concur.