No. 12,536.

CONTINENTAL CASUALTY COMPANY *v.* CONNELL ET AL.

(290 Pac. 273)

Decided June 23, 1930.

Messrs. BARTELS & BLOOD, Mr. ARTHUR H. LAWS, for plaintiff in error.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, Mr. SAMUEL M. GOLDBERG, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS is a workmen's compensation case. James D. Connell was engaged in the automobile business in Denver. He employed Frank Cunningham, a carpenter, to construct a cabin for him at Indian Hills, a mountain resort some distance from Denver. While engaged in constructing the cabin, Cunningham was injured. Connell carried insurance with the Continental Casualty Com-

pany. The insurance policy covered only injuries to "in-servants" at Connell's residence, No. 665 Marion street, Denver. It did not cover injuries to those constructing the cabin at Indian Hills. The commission entered an order granting Cunningham compensation as against both Connell and the Casualty Company. The Casualty Company sought a review by the district court, making Cunningham, Connell, and the commission defendants. After a hearing, the district court held that the insurance policy did not cover injury to Cunningham, and that the Casualty Company, therefore, was not liable, and directed the commission to dismiss the claim as against the company. The commission thereupon entered such order of dismissal, and increased the compensation awarded against Connell 50 per cent for his failure to carry compensation insurance. Connell filed a complaint in the district court, seeking a review of the order of the commission, and seeking to hold the Casualty Company as insurance carrier. In the complaint Connell alleged, among other things, that there was not sufficient evidence before the commission to enable the commission to determine Cunningham's average wages or the extent of his disability, and that there was an oral contract of insurance made by the Casualty Company covering the risk. After a hearing, the district court entered the following order:

"This matter coming on for hearing upon the Complaint of James D. Connell, and the pleading and record herein, and it appearing to the court from the records of the Industrial Commission that no hearing has been had by said commission upon the question raised in this Complaint as to whether or not the said Connell had any insurance, oral or written, other than the policy which was held not to constitute coverage for the injury to claimant, Frank Cunningham, and that there has been no adequate hearing and no evidence taken on the degree of disability and average weekly wages of said claimant prior to the accident; It is therefore ordered:

"1. That the further proceedings in this action be

stayed until such issues are heard by this commission and returned to said court;

"2. That the commission grant plaintiff a hearing upon the question as to whether any insurance, other than the written policy heretofore passed on by this court, was in effect covering the injury to claimant involved in this case; and

"3. That a hearing be granted and evidence taken on the amount of partial disability suffered by claimant by reason of the injury and on the question as to the average weekly wages of claimant preceding the accident."

Thereupon the Casualty Company brought the case here.

■ A writ of error will lie to the judgment of the district court entered upon the review of an order or award of the Industrial Commission. C. L., §4482. That means a final judgment, not a mere interlocutory order such as the court made in this case by virtue of the authority conferred upon it by C. L. section 4476. If and when the case is brought to this court after a final judgment has been rendered, it will be time to consider the questions raised by the Casualty Company's assignments of error and Connell's cross-assignments of error. One of the questions—perhaps the most important one—is answered in *Connell v. Continental Casualty Co., et al.,* 87 Colo. 573, 290 Pac. 274, decided contemporaneously with the decision of this case.

The writ of error is dismissed.