No. 12,514.

CONNELL *v.* CONTINENTAL CASUALTY COMPANY ET AL.
(290 Pac. 274)

Decided June 23, 1930.

Messrs, GRANT, ELLIS, SHAFROTH & TOLL, Mr. WILL SHAFROTH, for plaintiff in error.

Messrs. BARTELS & BLOOD, Mr. ARTHUR H. LAWS, Mr. SAMUEL M. GOLDBERG, Mr. ROBERT E. WINBOURN, Attorney General, Mr. ARTHR L. OLSON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS is a companion case to *Continental Casualty Co. v. Connell, et al.*, 87 Colo. 577, 290 Pac. 273, just decided.

The Industrial Commission granted compensation in favor of Cunningham as against Connell and the Casualty Company. The Casualty Company sought a review by the district court, making Cunningham and the commission defendants. Though served with a summons, Connell failed to appear, and his default was entered. A hearing was had, and the district court held that the insurance policy issued to Connell by the Casualty Company did not cover the injury to Cunningham and that the Casualty Company was not liable. It therefore directed the commission to dismiss the claim as against the company.. Three months and ten days thereafter Connell sought to have the default and judgment.set aside on

the ground of fraud on the part of the Casualty Company, and mistake, inadvertence and excusable neglect on his own part. The application was denied, whereupon Connell brought the case here.

■ 1. We have decided many times that applications to vacate default judgments are addressed to the sound discretion of the trial court, and that only when that discretion has been abused will this court interfere. We cannot say that in this case there has been an abuse of discretion.

■ 2. In *Redeker v. Denver Music Co.*, 83 Colo. 370, 265 Pac. 681, we held that the burden is upon one who applies for leave to answer after a default to establish ''by clear, strong, and satisfactory proof'' the grounds upon which he relies for relief. The application in this case was heard fully upon oral testimony and deposition. Whether there was fraud, mistake, inadvertence or excusable neglect was for the trial court to determine, and upon conflicting evidence it determined that question adversely to Connell.

■ 3. To entitle a party to have a default and judgment set aside for the reasons assigned in this case, it must appear not only that the default and judgment were obtained by fraud, mistake, inadvertence or excusable neglect, but that prima facie there is a meritorious defense. The only relief sought by the Casualty Company that adversely affected Connell was a determination that the policy of insurance did not cover the risk. If the risk was not covered by insurance, Connell's liability for compensation would be increased 50 per cent under S. L. 1923, p. 736, c. 201, §7. Indeed, after the case was remanded to the commission, it increased by 50 per cent the compensation awarded against Connell.

■■ The real question presented by the tendered defense and argued here is, Did the policy issued by the Casualty Company cover this particular risk? Connell was engaged in the automobile business in Denver. He resided there. Cunningham, a carpenter, was employed

by him to construct a cabin for him at Indian Hills, a mountain resort near Denver. While engaged in constructing the cabin, Cunningham suffered the injuries for which he claimed compensation. The policy of insurance covered only injuries to "in-servants" at Connell's residence, No. 665 Marion street, Denver. The substance of Connell's tendered defense was this: Prior to the accident involved in this proceeding, he held the Casualty Company's policy for compensation insurance "upon employees at his house in Denver." Before commencing work upon the cabin at Indian Hills, he told the Casualty Company's agent of his intention to build the cabin and of his desire "to be protected under the compensation laws" of Colorado. The agent assured him that he "would be protected under his policy by an additional notation on the company's books." Relying upon that assurance, Connell employed Cunningham and proceeded with the work. In fact no entry, "so as to protect Connell in this matter," was ever made. In other words, Connell never had insurance covering injury to Cunningham. Whatever relief Connell may be entitled to as against the Casualty Company because of the unkept promise of its agent, must be sought, if sought at all, in an action against the Casualty Company. Such a controversy cannot affect Cunningham's rights, and has no place in the present proceedings. The matter relied upon does not constitute a defense that can be interposed in the present proceedings.

The judgment is affirmed.