ELLIOTT *et al. v.* BOARD OF SUP'RS OF LAMAR COUNTY.

(Division B. March 7, 1938.)

[179 So. 334.]

(Division B. April 4, 1938.)

[180 So. 72.]

**Ethridge, P. J.**, delivered the opinion of the court on motion.

The movants, Buck Elliott et al., filed a motion herein for a supersedeas, pending appeal from an order of the circuit court, sustaining an order of the Board of Supervisors of Lamar County excluding beer and wine from said county. The case was tried on its merits in the circuit court, on the record of appeal from the Board of Supervisors; and the circuit court, affirming the order of the Board of Supervisors, granted an appeal here, but denied a supersedeas; and petitioners herein pray, by the

motion, that a supersedeas be granted, pending a hearing on appeal. Accompanying the petition for supersedeas is a copy of the petition for the election, containing, as is alleged, more than 20 per cent. of the qualified electors of the county, and the order of the board, finding that there were more than 20 per cent. of the qualified electors, and the order of the board directing the election commissioners to hold the election. It also shows the report of the commissioners, filed with the Board of Supervisors, showing the holding of the election, and the giving of the notice of said election for more than thirty days, and containing a copy of the notice, with proof of publication, in a newspaper of the county, and also copy of the notice posted on the bulletin board at the courthouse more than thirty days prior to the holding of the election, with the proposition submitted to the qualified electors, and the result of the election in the said various precincts of the county, showing the vote for and against the proposition in each precinct, and in the county as a whole, which resulted in a majority of the votes being cast for the exclusion of beer and wine from the county. In other words, the exhibits to the petition herein show a compliance with the law in the holding of the election, unless it be held that the order failed to recite that the newspaper in which the notice was published had been in existence for more than one year prior to the publication therein. Under chapter 313, Laws of 1936, which provides that, whenever it is required by law that any legal notice shall be published in a newspaper in this state, it shall be held to mean publication in some newspaper which has been established for at least twelve months next prior to the first publication of the notice to be published. Provided, however, that the provisions of this section shall not apply to any newspaper published at the time of the approval of this act, regardless of the length of time it has been published. Provided, further, that in the event of the discontinuance of the publication of the only newspaper in any county qualified to publish

legal notices, any other newspaper published in the county, regardless of the length of time it has been published, shall be deemed qualified to publish legal notices.

We do not think that the recital that the newspaper in which the notice was published had been in existence for more than twelve months prior to the publication of the first issue is a jurisdictional requirement. It is the ultimate jurisdictional facts, as distinguished from evidentiary facts, that must be shown on the minutes of the Board of Supervisors, or other court of inferior and limited jurisdiction. The notice herein recites the newspaper in which the notices appeared, but is silent as to how long the newspaper had been published. The object of the statute here involved was to favor regular, established newspapers, and to avoid publication of important notices in newspapers so recently established as not to assure the general notice to the public. It appears from the petition and exhibits before us, to our satisfaction, that the law was complied with in all substantial particulars, and it would be fruitless and unwarranted to grant a supersedeas pending the appeal.

The motion is therefore overruled.

Overruled.

## On Suggestion of Error.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

Movants again urge upon us that the proof of publication of the notice to the voters is invalid in that the affidavit of the publisher of the newspaper did not contain any averment that the said newspaper had "been established for at least twelve months next prior to the first publication of the notice to be published." Section 1. Movants say that, since this is a requirement of chapter 313, Laws 1936, any proof of publication which

omits the quoted averment is, in the eyes of the law, no proof at all under the rule that the statutory requirements in respect to publication of legal notices and the proof thereof must be strictly followed.

In addition to what we have said in our original opinion on this subject, we would again point out that the said chapter 313, Laws 1936, contains the following as a proviso: ''Provided, further, that in the event of the discontinuance of the publication of the only newspaper in any county qualified to publish legal notices, any other newspaper published in the county regardless of the length of time it has been published, shall be deemed qualified to publish legal notices.''

There is thus presented a situation similar in material respects to that considered in Donald v. Bradt, 15 Colo. App. 414, 419, 62 P. 580, 582, wherein the court said: ''A portion of section 1 the act . . . provided that [it] should not apply to the counties in which no newspaper had been published for the required length of time. This may have been the case with reference to the newspaper in which this publication was made, and, if so, the act did not apply to it, and the publisher was not required to make any certificate as to the length of time his paper had been published. Obviously the burden was upon the defendant, as he was attacking the judgment, to have made some allegation in his affidavits and proofs to show that the newspaper in question was one which did come within the terms of the act. This he wholly failed to do.'' This case is the only decision which we have found in precise point, other than our original opinion here, and, without adopting the course of reasoning in the Colorado opinion, we point to it as being in accord with the result reached by us, to wit, that the failure in the proof of publication to recite that the newspaper is one qualified under chapter 313, Laws 1936, does not invalidate it.

Suggestion of error overruled.