[No. 6119.]

## JAKWAY v. RIVERS.

1. **Replevin — Jurisdiction of Justice** — In an action of replevin tried in the county court on appeal from a justice, reference must be made to the affidavit to ascertain the value; the jurisdiction of the trial court being controverted, the finding of that court as to the value is conclusive.—(50)

Damages suffered by the plaintiff, but not awarded to him, and for which he mad no claim, will not be considered in determining the jurisdiction.—(51)

2. **Appeals — Finding on Conflicting Evidence** will not be disturbed on appeal.—(51)

3. ——**Objections Not Taken Below** will not be considered. —(52)

4. ——**Harmless Error** — Excluding a question directed to what is admitted, is harmless.—(52, 53)

5. **Trial — Without Jury — Findings** — No provision of the code requires the court trying an issue without a jury to make written findings of fact and conclusions of law.—(53)

6. **Evidence—Relevancy—Admissibility — Cross-examination** of plaintiff's witnesses directed to a defense not pleaded, should be excluded.—(52)

(4)

*Error to La Plata County Court*—Hon. CHARLES A. PIKE, Judge.

Mr. P. G. ELLIS, for plaintiff in error.

Mr. CHARLES A. JOHNSON, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Defendant in error, as plaintiff, instituted an action in replevin before a justice of the peace against plaintiff in error, as defendant, to recover the possession of a team, wagon, harness and log-chain. What the outcome of the case was before the justice of the peace does not appear. The case was appealed to the county court, where it was tried before the court, *de novo,* without the intervention of a jury, with the result that judgment was rendered in favor of plaintiff, adjudging him to be the owner and entitled to the possession of the property in controversy, and that its value was the sum of $265.00. The defendant brings the case here for review on error.

The first error assigned is, that the court below erred in trying and deciding the case, as it does not appear it had jurisdiction. This assignment is based upon the ground that the value of the property involved was in excess of the sum of $300.00, the jurisdiction of the justice of the peace before whom the suit was originally commenced. The affidavit filed by plaintiff before the justice fixed the value of the property at $295.00. In determining the value of personal property involved in a replevin suit commenced before a justice of the peace, we must look to the value stated in the affidavit of replevin. From this source in the case at bar it appears the justice had jurisdiction. There was no testimony on the part of plaintiff, or claim made by him that the prop-

erty involved was worth more than set out in the affidavit of replevin, nor did he claim damages which would make his claim in excess of the jurisdiction of the justice of the peace. It is true that on cross-examination he was asked whether or not he had been damaged on account of the defendant's possession of the property prior to the time when the suit in replevin was commenced, to which he answered in the affirmative, but as he made no claim on this account, and no judgment was rendered in his favor for damages, the fact that this testimony was brought out on cross-examination is not material on the question of jurisdiction.

It appears defendant sought to show that the property replevined was worth more than the amount mentioned in the affidavit. He did introduce testimony to this effect, and for that reason claims the case should have been dismissed by the county court. Whether the question of jurisdiction could be raised in this way is not necessary to determine. The court found the value of the property to be $265.00, and on conflicting testimony this finding will not be disturbed.

As we understand the next proposition urged by counsel for the defendant, it is to the effect that the testimony established the ownership and right of the possession of the property in controversy in him. That was the issue before the court. The evidence bearing thereon was conflicting. The finding was in favor of plaintiff, and will not be disturbed on appeal.

Both parties claimed to have purchased the property from the Neglected Mining Company. Plaintiff and some of his witnesses had been in the control of the affairs of this company, and counsel for defendant sought to show, on cross-examination, that they had recognized this property as belonging

to the company. The court sustained objections to this cross-examination. This was not error. The defense of the defendant was, that he owned the property. He was not seeking to defeat plaintiff's right by showing that the property in controversy belonged to a third party. When testimony is not material to any issue in the case, it should be excluded.

On behalf of plaintiff there was offered and received in evidence the transactions of the board of directors of the Neglected Mining Company, as shown by the minute book of that company, from which it appears that the property in controversy was turned over to plaintiff in payment of a bill which he had against the company. Conceding, for the purposes of this case, that if the proper objection had been made this testimony should not have been admitted for the reason that it would not be binding upon the defendant, a stranger to the transaction, no objection raising this question was made below, and for that reason we shall not consider it here.

Counsel for defendant complains that he was not permitted to cross-examine the witness who testified to the book and entry in question. We are inclined to think the trial court was rather strict with respect to cross-examination, but it affirmatively appears that defendant was not prejudiced by the ruling. It was admitted by the witness that the entry in question was not contemporaneous with the alleged transaction, but was written over six months after the purported date thereof. From the questions which counsel sought to propound to the witness on cross-examination, it appears that they would simply have gone to this fact, and as the witness had already admitted that the entry was made long after the transaction, it appears that defendant could not have been

prejudiced by the action of the court in denying further inquiry on the subject.

It is next urged that the sale by the company to Rivers was void as against the defendant because there was no immediate delivery and continued change of possession after that transaction. That appears to have been one of the issues in the case, and on conflicting testimony, was found in favor of the plaintiff; hence, we cannot disturb that finding on review. Plaintiff claimed to have purchased the property from the company, and that thereafter he leased it to the defendant. The defendant admits having received the property from the plaintiff, but claims that when he did so, plaintiff was acting on behalf of the company. Defendant further claims that a few months later he purchased the property from the company, and therefore became the absolute owner. It will thus be seen that the question of a change of possession of the property in controversy from the company to the plaintiff was one of the issues in the case, and that there was a conflict in the testimony thereon.

At the commencement of the trial counsel for the defendant requested the court to make written findings of fact and conclusions of law in the case, and error is assigned upon the failure of the court to comply with this request. We are not aware of any provision of the code which imposes upon a trial court the obligation to comply with the request made. Counsel for defendant cites authorities from other jurisdictions on this subject, but they are from states having code provisions requiring the court to make such written findings and conclusions when requested.

Other questions are also urged upon our attention, but as they were not presented to the trial court, they will not be considered here.

In conclusion, it is not amiss to add that the

issue in the case was, which of the parties was the owner and entitled to the possession of the property in controversy? The testimony bearing on this issue was conflicting, and of such a nature that the finding of the court might have been in favor of the defendant; but. it is not error for a trial court to find an issue of fact in favor of one party instead of anothèr, when there is sufficient testimony to sustain the finding made. The trial court was confronted by the witnesses. It was his province to determine their credibility, and from all the testimony, facts and circumstances, make such findings of fact as, in his judgment, the testimony established. That his findings in such circumstances will not be disturbed on review, is so well settled, and the grounds therefor so well understood by the bar, that it is not necessary to enter upon a discussion of the reasons why this rule obtains or cite authorities supporting it. ·

The judgment of the county court is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice White concur.