## No. 12,411.

### Cobbey *v.* Peterson.

(3 P. [2d] 298)

Decided June 29, 1931.   Rehearing denied September 14, 1931.

Messrs. Tolles & Cobbey, Mr. W. R. Ramsey, Mr. Edwin H. Park, for plaintiff in error.

Mr. JOHN H. SCHULTZ, Mr. CHARLES R. SKINKER, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

To review a judgment of $1,066.60 entered against him, the defendant brings error. The principal question presented by the record is the plaintiff's claimed right to be subrogated to the defendant in the matter of a certain promissory note executed by one Schmid to the United Service Corporation and by it sold to the defendant.

It appears that on October 21, 1926, Schmid made the note involved and to secure it gave a chattel mortgage. The note was for $1,105, and payable in monthly installments of $50 with interest at 8 per cent per annum payable monthly. When it was proposed to the defendant that he purchase the note he declined unless the plaintiff and two others guarantee its payment, which was done. The consideration for the sale was $875; the guarantee was in writing, signed by the three guarantors, and appears on the reverse of the note in this language: ''I hereby guarantee the payment of $50 per month and interest according to the tenor of this note.''

Schmid made some payments, but in March, 1927, several installments being past due, the defendant brought suit against Schmid, the payee corporation, the plaintiff and the other guarantors and, in April, obtained judgment against all for $171. Execution was issued, property of the plaintiff levied upon and sold, and the writ returned fully satisfied. In June, 1927, the defendant brought suit against the same parties and obtained judgment for $169.52, the amount then due. Execution was issued and $30 obtained under garnishment process. The balance due under this judgment was paid by the plaintiff. In July, 1927, the defendant brought suit against the same parties for the entire remaining balance

and obtained judgment for $714.40 against all but Schmid, who was not served. Upon this judgment the defendant caused execution to issue to the sheriff of Montezuma county who, under the defendant's direction, levied upon and sold real estate in that county standing in the plaintiff's name. At the sale the defendant bid the whole amount of his judgment and the writ was returned satisfied.

Upon this state of facts the plaintiff claims he is entitled to be subrogated to the defendant's rights under the Schmid note and mortgage. His demand upon the defendant for the note and mortgage, based on that theory, was refused, and the record discloses that before the actual satisfaction of the latest judgment the defendant sold the note and mortgage and that subsequently Schmid discharged the obligation to the new holder. It is evident from the foregoing that the defendant put it out of his power to deliver the note and mortgage to the plaintiff, and hence the defendant argues that nothing remains upon which the doctrine of subrogation may operate. This contention was rejected below, the trial court holding that the plaintiff was entitled to be subrogated and that the defendant having made it impossible for the plaintiff to obtain the Schmid note and mortgage must answer for its value. The value of the note was established on conflicting evidence and such finding can not be disturbed upon review. When the plaintiff discharged his secondary liability good conscience required at that moment the surrender to him of the obligations of the primary debtor, so that he might proceed thereon to recoup his loss. That is the essence of the doctrine of subrogation; the right of him who has paid to be put in place of one who has received payment while the primary obligation still exists. *Scott v. Gregory,* 71 Colo. 300, 206 Pac. 574; *Milner v. Eskridge,* 62 Colo. 430, 163 Pac. 1115; *Duncan v. Guillet,* 62 Colo. 220, 161 Pac. 299; *Cone v. Eldridge,* 51 Colo. 564, 119 Pac. 616.

The defendant insists, however, that the liability

of the plaintiff was primary and that payment by the plaintiff discharged the instrument. If this were so the defendant should prevail, but manifestly the liability of the plaintiff was secondary. Sections 3938, 4009, C. L. '21; *Cone v. Eldridge, supra; Tomkins v. Tomkins,* 78 Colo. 574, 243 Pac. 632. To hold otherwise would be a perversion of the facts, for it is plain that at the inception of the note the plaintiff was not a party and that his connection with it, as a guarantor, came at a later time and at the request of the defendant.

█ The defendant further urges that subrogation is improper, regardless of whether plaintiff's liability was primary or secondary, because when the claim against him was reduced to judgment the distinction no longer existed, and the plaintiff may not now say that his liability was other than primary. The rule is, however, that where the ends of justice require, the judgment does not annihilate the debt, and that the doctrine of merger will be carried no further than the ends of justice demand. Freeman on Judgments (5th Ed.) §1172. It would be a rare application of the principle invoked to say that the guarantor of a note upon being required to pay a judgment given against him thereon should thereby suffer the loss of his universally conceded right to pursue the primary debtor. So to hold would enable the owner of a guaranteed note to collect from the guarantor and absolve the real debtor at his pleasure. When the defendant has received payment from the plaintiff of all to which he was entitled, should he be permitted to destroy the plaintiff's only right of recourse? We are quite at a loss to understand why there should have been any desire to do so, or why the defendant was interested other than in the collection of his claim.

█ The defendant complains that the titles to the lands he purchased under his judgments against the plaintiff were defective and that their values were not as great as the amounts he bid. But there is nothing to show that the plaintiff induced him to levy upon these properties

or made any representations as to their value or the state of the titles. Certainly no estoppel can be worked out of such facts, but the doctrine of caveat emptor does have application. *Kreps v. Webster,* 85 Colo. 572, 277 Pac. 471, 68 A. L. R. 656; *Ohio and Colorado S. & R. Co. v. Barr,* 58 Colo. 116, 144 Pac. 552; *Copeland v. Bank,* 13 Colo. App. 489, 59 Pac. 70.

The defendant argues, all the foregoing to the contrary, that the plaintiff should not recover damages in such an action, and that the note and mortgage having passed out of his possession a court of equity is powerless, in such situation, to proceed. This overlooks the rule that when a court of equity has acquired jurisdiction it may do whatever is necessary to effect justice even if in so doing it awards relief ordinarily cognizable only in courts of law. *Reitze v. Humphreys,* 53 Colo. 177, 125 Pac. 518; *Cree v. Lewis,* 49 Colo. 186, 112 Pac. 326; *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283; *Schilling v. Rominger,* 4 Colo. 100; *Whitsett v. Kershow,* 4 Colo. 419; *Stephens v. McCargo,* 9 Wheat. 502, 6 L. Ed. 145; *Cathcart v. Robinson,* 5 Pet. 264, 8 L. Ed. 120. Specific instances of the award of damages under substantially similar facts are not lacking. *Clarke v. White,* 12 Pet. 178, 9 L. Ed. 1046; *Shultz v. Shively,* 72 Ore. 450, 143 Pac. 1115; *Western R. Co. v. Bayne,* 75 N. Y. 1.

Other points are raised, but in our judgment they were properly disposed of below. In equity the defendant should have delivered the Schmid note and mortgage to the plaintiff, but since that could not be done, equity can not be satisfied unless the value thereof be paid. That was the judgment of the trial court and it is affirmed.