## LIBERTY MUT. INS. CO. v. TEL–MOR GARAGE CORPORATION et al.

United States District Court
S. D. New York.
July 11, 1950.

446

Cravath, Swaine & Moore, New York City, Murray W. McEniry and Albert Rosenblum, New York City, for plaintiff.

Sidney N. Zipser, New York City, for Defendant Tel-Mor Garage Corporation.

Goldstein & Goldstein, New York City, David Goldstein and Gilbert Goldstein, New York City, for defendant Morris Aughtman.

McGOHEY, District Judge.

The defendants before answer move separately, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., to dismiss the complaint upon the grounds (a) that this court lacks jurisdiction under Sections 1331 and 1332 of Title 28 U.S. Code, 28 U.S.C.A. §§ 1331, 1332, and (b) that the plaintiff has been made such collusively in order to invoke jurisdiction, in violation of Section 1359 of Title 28 U. S. Code, 28 U.S.C.A. § 1359.

Plaintiff is a foreign corporation organized under the laws of Massachusetts. Both defendants are citizens of New York. The total claim is for $4,340 and is made up of three smaller claims of $1,375, $1,815 and $1,150, respectively. These items represent payments in full by the plaintiff to three assureds for damages to their automobiles which were destroyed by fire resulting from an explosion in defendants' garage. Plaintiff alleges that under its policy it was subrogated to the rights of the respective assureds. It is alleged that the explosion and fire were due to the negligence of the defendants. Defendants urge that the real party in interest is not the plaintiff but rather the three assureds who, say the defendants, are all citizens of New York, although there is no such allegation in the complaint. It is also urged that customary practice in the insurance business is such that, assuming it to have been followed here, plaintiff is not in fact the true owner of the claims sued on. The Court is asked to appoint a Master to ascertain the facts of this contention. This will not be done, because the allegation of payment to the assureds and consequent subrogation to their rights must be accepted as true on this motion. Curacao Trading Co., Inc., v. William Stake & Co., Inc., D.C.S.D. N.Y., 61 F.Supp., 181, 184; Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corp., D.C.S.D.N.Y., 2 F.R.D. 487, 489. And a subrogee who has paid the full amount of a subrogor's loss is the only real party in interest and must bring suit in his own name. U. S. v. Aetna Casualty and Surety Co., 338 U.S. 366, 380-381, 70 S.Ct. 207, affirming Aetna Casualty & Surety Co. v. U. S., 2 Cir., 170 F.2d 469.

Combining the three claims to constitute the required jurisdictional amount was proper. Rule 18(a) of the Federal Rules of Civil Procedure; Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; Cashmere Valley Bank v. Pacific Fruit & Produce Co., D.C.E.D.Wash., 33 F.Supp. 946, 949.

The motions to dismiss are accordingly denied. Submit orders on notice.