FARREN et al.

v.

GAS SERVICE CO.

No. 485.

United States District Court
D. Kansas.

July 8, 1954.

Blake A. Williamson (of Williamson, Cubbison & Vaughan), Kansas City, Kan., for plaintiffs.

Jerry T. Duggan and Nona E. Snyder, Kansas City, Kan., for defendant.

MELLOTT, Chief Judge.

By a motion to dismiss, the defendant challenges the jurisdiction of the court to determine the issue raised by the complaint in behalf of Royal Insurance Co., Ltd., hereinafter Royal. The contention is that the amount sued for "is a separate and independent claim" for $2,500; and "while Rule 18 permits a joinder of independent claims where there are multiple parties," it does not permit the joinder "where there is less than the jurisdictional amount involved"

The complaint alleges that an explosion and fire occurred, in the dwelling house of the individual plaintiffs, by reason of the negligence of the defendant; that the house, contents and personal effects therein were damaged in the total sum of $13,755.26; that the plaintiff Northwestern Fire and Marine Insurance Co. had previously issued its policy of insurance against loss by fire on the building and had paid, since the fire, the total amount of $3,800 to the individual plaintiffs "on the damages thus occasioned;" and that the plaintiff, Royal, had previously issued its policy of insurance against loss by fire on the building and had paid, since the fire, the sum of $2,-500 to the individual plaintiffs "on the damages thus sustained." The aggregate amount sought by the individual plaintiffs and the two insurance companies for the damages to the real property (including damages to the contents and personal effects therein on behalf of the individual plaintiffs) is $13,755.26. The individual plaintiffs also seek to recover $5,000 each for personal injuries and medical expenses; so the aggregate amount sought is $23,755.26.

■ Rules 17 through 20 of the Rules of Civil Procedure, 28 U.S.C.A. are applicable. Royal, having paid a portion of the loss sustained by the individual plaintiffs, became, as insurer-subrogee, owner of a portion of the substantive right to recover against the tort-feasor and is a "real party in interest." Therefore it should appear in the litigation in its own name.[1] It may join in the action with other owners of the substantive right "if the requirements of Rules 19, 20, and 22 are satisfied."[2] Rule 22 pertains to interpleader; so for present purposes it need not be considered. Rule 19 contemplates the joinder of those "having a joint interest", either as voluntary or involuntary plaintiffs or as defendants, and requires the pleader to set forth the names, if known, of all "who ought to be parties if complete relief is to be accorded between those already parties * * *." Under Rule 20, "(a)11 persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * A plaintiff * * * need not be interested in obtaining * * * all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, * *."

■ The pleading in the instant suit is of the type contemplated by Rule 20. The several plaintiffs, so far as the damage to the realty is concerned, have unit-

1. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L. Ed. 171; Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417 and cases therein cited.

2. Rule 18(a).

ed "to enforce a single title or right, in which they have a common and undivided interest"; so "it is enough if their interests collectively equal the jurisdictional amount." [3]

At the conclusion of the oral argument the court declined to dismiss the action on the ground urged. Further study of the question has not convinced the court its ruling was erroneous.

---

3. Troy Bank v. Whitehead & Co., 222 U S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81; cf. American Surety Co. v. Bank of California, 9 Cir., 133 F.2d 160.