Anestis TSAVDARIDIS, Plaintiff,

v.

T. J. STEVENSON & CO., Inc., Defendant.

United States District Court
S. D. New York.
April 30, 1958.

Lebovici & Safir, New York City, for plaintiff, Herbert Lebovici, New York City, of counsel.

Foley, James & Conran, New York City, for defendant, Milton James, New York City, of counsel.

PALMIERI, District Judge.

This is an action brought by an alien seaman against a Delaware corporation doing business in the City of New York. The action was first brought in the City Court of the City of New York. Both the original and amended complaint in that Court set forth three claims for damages as follows:

| | | Amount Claimed | |
|---|---|---|---|
| | | Complaint | Amended Complaint |
| 1. | Breach of Contract of Employment and failure to pay wages for service on the SS Rayvah, and damages sustained | $1,788 | $1,788 |
| 2. | Damages for violation of 46 USC §§ 567, 568, 575 and 578 (1952) (carried to sea without a written agreement) | $1,416 | $1,416 |
| 3. | Liquidated Damages pursuant to 46 USC §§ 596 and 597 (1952) (withholding wages without sufficient cause) | $6,408 | $2,990 |
| | Amount of the Matter in controversy | $9,612 | $6,194 |

The defendant effected removal of the action to this Court on the ground that the amount in dispute exceeded $3,000 and that there was original jurisdiction in this Court under 28 U.S.C. § 1331 (1952) (Federal question); 28 U.S.C. § 1332(a) (2) (1952) (alienage); and 28 U.S.C. § 1333(1) (1952) (Admiralty). The plaintiff now seeks to have the action remanded to the State court on the ground that the amended complaint does not allege one single invasion of his rights in which at least $3,000 damages is claimed. It will be perceived from the above outline of the plaintiff's claims that in each instance the claim of damages is less than $3,000 as set forth in the amended complaint. See Cavanaugh v. Atchison, T. & S. F. Ry. Co., D.C.W.D. Mo.1952, 103 F.Supp. 855. The plaintiff's position is that since there is no single claim or cause of action in which

Federal jurisdiction is present, there is no basis upon which the case could be removed and that it must, therefore, be remanded to the State court.[1]

■ I feel constrained to reject the argument of the plaintiff and to deny his motion to remand. The controversy between the parties regarding the jurisdiction of this court boils down to whether or not the claims of the plaintiff can be aggregated in order to reach a minimum of $3,000 as the amount of the "matter in controversy."[2] Preliminarily, it should be noted that this litigation involves a single defendant and a single plaintiff. Accordingly, the many cases cited by the plaintiff involving multiple claims of multiple parties are not apposite to this case. There is ample precedent for the aggregation of a single plaintiff's claims against a single defendant in order to attain the jurisdictional amount. Hart & Wechsler, The Federal Courts and the Federal System 997 (1953); Bullard v. City of Cisco, 1933, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254; Alberty v. Western Surety Co., 10 Cir., 1957, 249 F.2d 537, 538; Liberty Mutual Ins. Co. v. Tel-Mor Garage Corp., D.C.S.D.N.Y.1950, 92 F.Supp. 445. In Hunter-Wilson Distilling Co., Inc. v. Foust Distilling Co., D.C.M.D.Pa.1949, 84 F.Supp. 996, 998, affirmed in part, reversed in part, 3 Cir., 181 F.2d 543, 17 A.L.R.2d 1191 (determination of damages), modified and affirmed 3 Cir., 1951, 187 F.2d 145 (same), the Court said:

"In determining the jurisdictional amount we consider the sum of all the claims which are properly joined. Gray v. Blight, 10 Cir., 112 F.2d 696, certiorari denied, 311 U.S. 704, 61 S.Ct. 170, 85 L.Ed. 457. * * * "

There is no question here that the causes of action are properly joined within the purview of Rule 18(a) of the Federal Rules of Civil Procedure, 28 U.S.C. Since there is undisputed alienage jurisdiction between the plaintiff (a Greek seaman) and the defendant (a Delaware corporation), the propriety of the removal to this court, which was made under 28 U.S.C. § 1441(a) (1952),[3] is not open to question.

■ There is another basis, moreover, upon which I can reach the same conclusion. The second and third causes of action alleged by the plaintiff are based upon statutes of the United States: first, damages for violations of Rev.Stat. §§ 4514, 4515, 4521 and 4523 (1875), as amended, 46 U.S.C. §§ 567, 568, 575 and 578 (1952), providing damages for being carried to sea without a written agreement; and Rev.Stat. §§ 4529 and 4530 (1875), as amended, 46 U.S.C. §§ 596 and 597 (1952), providing liquidated damages for the withholding of a seaman's wages without sufficient cause. The aggregate of the two claims made by the plaintiff, which rest upon these specific statutes of the United States, amounts to more than $3,000. Therefore, since these claims are properly removable to this court,[4] the remaining

---

1. Plaintiff cites 28 U.S.C. § 1441(c) (1952):

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

This section has no application, however, to the present issue, which is not whether non-removable claims should be retained or remanded, but whether the amounts of the various claims may be aggregated so as to determine, in the first instance, whether they are removable.

2. 28 U.S.C. §§ 1331, 1332(a) (2) (1952).

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. 28 U.S.C. § 1441(b) (1952) provides that:

claim (breach of employment contract and failure to pay wages) can be retained under the doctrine of pendent jurisdiction. 28 U.S.C. § 1441(c) (1952). See Hart & Wechsler, supra at 802–809, Note on Pendent Jurisdiction.

In view of these conclusions, I find it unnecessary to consider the removability of these actions under 28 U.S.C. § 1333 (1) (1952) (Admiralty) and the effect of the "saving to suitors" clause contained therein.[5]

The motion to remand is denied. So ordered.

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the * * * laws of the United States shall be removable without regard to the citizenship or residence of the parties. * * *"

5. Section 1333 provides:
"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."