**CONTINENTAL BUS SYSTEMS, INC.,**
Plaintiff,

v.

**Irvin ROHWER, Defendant.**

Civ. A. No. 6178.

United States District Court
D. Colorado.
April 20, 1959.

Tilly & Skelton, and Alfred P. Davis, Denver, Colo., for plaintiff.

Myron Burnett, Denver, Colo., for defendant.

ARRAJ, District Judge.

This matter is before the Court at this time upon the motion of defendant for an order requiring that "underwriters at Lloyds of London or the true owners of the claim for damages to the bus be made a party plaintiff." The complaint alleges that defendant negligently operated a motor truck causing it and other automobiles to collide with a motor bus owned and operated by the plaintiff; and as a proximate result of said negligence, plaintiff's said motor bus was damaged in the sum of $6,608.40, plaintiff was required to expend $612.28 for towing and

other charges incident to repair and plaintiff was deprived of the use of the bus during the time of repair to its damages in the further sum of $13,725. At the hearing on the motion the parties stipulated that Lloyds of London is an insurer-subrogee (of the named plaintiff) in the amount of approximately $6,200. There appear to be two questions to be determined by the Court in deciding this motion:

(1) Should a partial subrogee, on the motion of defendant, be joined as a party plaintiff, and

(2) If the share of the partial subrogee in the total claim against defendant is less than the jurisdictional amount ($10,000), would such joinder divest the Court of jurisdiction over said partial subrogee?

█ █ The first question is answered in the affirmative. Although the authorities are divided on the question of joining a partial subrogee, the rule in the 10th Circuit appears to be clearly stated. Gas Service Co. v. Hunt, 1950, 183 F.2d 417. The rule is: If the partial subrogee has the substantive right to the amount which he has paid, then he is a real party in interest and must be joined upon motion by the defendant.

When jurisdiction, as here, is based on diversity of citizenship, state law determines whether or not the partial subrogee has the substantive right. If state law gives the partial subrogee the substantive right, then under federal procedural law joinder is required upon motion by the defendant. Rules 17(a), 19 (a) and 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Although exceptions might arise under Rules 19(b) and 23 of the Federal Rules of Civil Procedure, these rules do not appear to be applicable to the case at bar. Thus, even though the state law which gives the partial subrogee the substantive right follows a different procedure, the federal procedure is not changed. This was the situation in the Hunt case, where Kansas law allowed the partial subrogor alone to bring the action. At page 419 of 183 F.2d the Court said:

"It is the rule in the United States courts that where an insurer pays the insured in full for a loss and becomes subrogated to all of the rights of the insured against the wrongdoer, the action against the wrongdoer to recover in tort must be maintained in the name of the insurer. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, [94 L.Ed. 171]; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7. And it is the further rule that where the owner has been reimbursed for only part of the loss and asserts a claim against the wrongdoer for the balance in excess of the amount paid, both the insured and the insurer own portions of the substantive right against the wrongdoer and should appear in the litigation in their own names. Either may institute the action; but with certain exceptions not having material bearing here, upon timely motion of the alleged wrongdoer, the other should be joined as a party. United States v. Aetna Casualty & Surety Co., supra.

"As we understand, the rule in the state courts of Kansas is different. There, where loss by fire to insured property exceeds the amount paid by the insurer under its policy, the owner may maintain the action against the wrongdoer for the full amount of the loss. Clark v. Missouri Pacific Railroad Co., 134 Kan. 769, 8 P.2d 359; Klingberg v. Atchison, Topeka & Santa Fe Railway Co., 137 Kan. 523, 21 P.2d 405. Although it is provided by statute in that state that every action must be prosecuted in the name of the real party in interest, and although both the insured and the insurer are real parties in interest, the action may be brought in the name of the owner who will hold as trustee for the insurer in respect of such part of the amount recovered as the insurer has been

compelled to pay under its policy. Grain Dealers' Nat. Mutual Fire Insurance Co. v. Missouri, Kansas & Texas Railway Co., 98 Kan. 344, 157 P. 1187; City of New York Insurance Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1233.

"Manifestly, where the insurer has reimbursed the insured for part but not all of the loss of insured property by fire and the insured still asserts a claim against the wrongdoer for the loss in excess of the amount received from the insurer, the substantive rights of the parties are the same in the United States courts and in the courts of Kansas. The insurer as subrogee of the owner has the substantive right to recover from the wrongdoer up to the amount it has been obliged to pay under its policy, and the insured has the substantive right to recover for any excess in loss for which he has not been reimbursed. The difference lies in the fact that in the United States Courts the insurer must assert the claim in its own name against the wrongdoer for the loss up to the amount paid under the policy, and the insured must assert the claim in his name for the loss in excess of the amount paid by the insurer, while in the state courts of Kansas the insured may maintain the action for the entire amount holding as trustee for the insurer the amount recovered up to the amount received under the policy and holding for himself the amount recovered in excess thereof. The right of action against the wrongdoer is substantive. Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32. And in a case of this kind it is the same in the United States courts and in the state courts of Kansas. There is no conflict between the two jurisdictions. But the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive. Montgomery Ward & Co. v. Callahan, supra."

We should now endeavor to determine the substantive law of Colorado on the point. Plaintiff in its memorandum relies on the case of Cobbey v. Peterson, 1931, 89 Colo. 350, 3 P.2d 298 for the proposition that the plaintiff rather than Lloyds of London owns the substantive right to the amount to which Lloyds has been subrogated. In that case the guarantor of a note sued the holder of the note for the amount the guarantor had previously paid the holder. The guarantor's theory was that after he had paid he was entitled to the note and that the holder had put it out of his (the holder's) power to deliver the note and that therefore the holder was liable. The holder argued that since he did not have the power to deliver the note nothing remained upon which the doctrine of subrogation may operate. The Court rejected the holder's argument and held the holder liable. The Court said:

"That is the essence of the doctrine of subrogation; the right of him who has paid to be put in place of one who has received payment while the primary obligation still exists." 89 Colo. at page 352, 3 P.2d at page 299.

This case seems to be against plaintiff's position rather than for it. The case seems to say that one who is secondarily liable becomes subrogated to the amount he has paid and has the (substantive) right to sue for that amount. The plaintiff here stipulates the subrogation; therefore, Lloyds has a substantive right under Colorado law and is a real party in interest under federal procedural law. No other Colorado cases were found on this point of law.

The second question is answered in the negative. In Farren v. Gas Service Co., D.C., 122 F.Supp. 536, the owner of damaged property and his two insurers brought suit alleging negligence. The total claim was for $13,755.26. The

claim of one insurer was $3,800 and the claim of the other insurer, Royal Insurance Co., was for $2,500. The defendant moved to dismiss as to Royal. The motion was overruled. The Court said:

"The pleading in the instant suit is of the type contemplated by Rule 20. The several plaintiffs, so far as the damage to the realty is concerned, have united 'to enforce a single title or right, in which they have a common and undivided interest'; so. 'it is enough if their interest collectively equal the jurisdictional amount.'" At pages 537–538.

The rule as laid down in the above case is applicable to the case at bar. See also Liberty Mut. Ins. Co. v. Tel-Mor Garage Corp., D.C., 92 F.Supp. 445.

For the reasons above stated the Court is of the opinion that the motion should be granted. An appropriate order should be submitted by defendant within ten days.