**Albert LAUF, Plaintiff,**

**State Farm Mutual Automobile Insurance Company, Plaintiff in Intervention,**

v.

**Adeline NELSON, Defendant.**

**Civ. No. 514.**

United States District Court
D. Montana,
Billings Division.

Oct. 11, 1965.

------♦------

Colgrove & Brown, Miles City, Mont., for plaintiff.

Cresap & LaLonde, Sidney, Mont., for plaintiff in intervention.

McDonough & Cox, Glendive, Mont, and Mackoff, Kellogg, Kirby & Kloster, Dickinson, N. D., for defendant.

JAMESON, District Judge.

Plaintiff has moved to remand to state court. Briefs have been filed by the respective parties, and neither has requested oral argument. The motion accordingly is deemed submitted pursuant to Rule 7(a) of the local rules of court.

Plaintiff, a citizen of Montana, instituted suit against the defendant, a citizen of North Dakota, in the state court of Wibaux County, Montana, seeking damages in the sum of $10,000 and costs of suit, for personal injuries sustained in an automobile accident on November 15, 1962. State Farm Mutual Automobile Insurance Company, an Illinois corporation, intervened in state court, seeking $2,167.73. This amount had been paid to plaintiff under a policy of indemnity for damages to an automobile owned by plaintiff and damaged in the same accident. Intervenor alleges an assignment from plaintiff of "all rights" to "receive the amount of said loss so paid under the policy".

Following the filing of the complaint in intervention, defendant removed to this court, alleging that the amount in controversy exceeds $10,000, exclusive of interest and costs. In support of his motion to remand, plaintiff contends that the intervention was not the result of any voluntary act of the plaintiff; that plaintiff has no interest in the property damage claim asserted by intervenor, and that intervenor has no interest in the personal injury claim asserted by plaintiff; and that the two claims may not be aggregated to confer jurisdiction upon this court. On the other hand, defendant contends that the plaintiff's claim for personal injuries and the insurer-subrogee's claim for property damage may be aggregated to obtain the required jurisdictional amount. Neither party has cited any case precisely in point.

The general rule with respect to the aggregation of claims as a basis for jurisdictional amount is stated by Professor Moore as follows:

"Where two or more plaintiffs join in the same action to prosecute their individual claims against a single defendant, and the claims are separate and distinct, each claim must rest on an independent jurisdictional basis and the values of these several rights may not be aggregated in determining the amount in controversy. Plaintiffs' claims may not be aggregated merely because the plaintiffs have a community of interest or because their claims are derived from a single instrument. Where, however, the several plaintiffs unite to enforce an 'integrated' or 'undivided' right, it is the value of the entire right which is in controversy and this total value is used, when pertinent, in determining whether or not federal jurisdiction exists." (1 Moore, Federal Practice (2d ed. 1964) § 0.97[3] at 889–90).

The leading case in support of this rule is Pinel v. Pinel, 1916, 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817. In that case the Court said:

"The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount".

In Eagle Star Insurance Company v. Maltes, 5 Cir. 1963, 313 F.2d 778, three plaintiffs who had recovered judgments in personal injury actions sought to ag-

gregate their claims in an action against the insurer of the defendant. The court recognized that there could be no aggregation of claims by three individual plaintiffs against the tortfeasor himself. In holding that the same rule would apply in the action against the insurer, the court said in part:

> "The general rule of aggregation to satisfy the jurisdictional amount in controversy has been stated many times, but like many rules of a general nature, it requires an examination of its actual application to the cases to determine its binding effect on a subsequent case with a different factual situation. To aggregate claims of several plaintiffs the plaintiffs must have a 'common and undivided interest,' though it may be separable as between themselves. But where their interests are distinct, and their only relationship is that 'they form a class of parties whose rights or liabilities arose out of the same transaction, or have a relation to a common fund or mass or property sought to be administered, such distinct demands or liabilities cannot be aggregated * * *' Clay v. Field, 138 U.S. 464, 11 S.Ct. 419, 34 L.Ed. 1044. (313 F.2d at 780).[1]

The court expressly distinguished those cases where the same plaintiff seeks to aggregate two claims.

█ As noted in the Eagle Star Insurance Company case there is substantial authority that claims of a single plaintiff may be aggregated in determining jurisdictional amount. See Tsavaridis v. T. J. Stevenson & Co., S.D.N.Y. 1958, 165 F.Supp. 174, 176, where the court said in part:

> "* * * Preliminarily, it should be noted that this litigation involves a single defendant and a single plaintiff. Accordingly, the many cases cited by the plaintiff involving multiple claims of multiple parties are not apposite to this case. There is ample precedent for the aggregation of a single plaintiff's claims against a single defendant in order to attain the jurisdictional amount." (Citing cases).

See also Gray v. Blight, 10 Cir. 1940, 112 F.2d 696, 700, where the court permitted aggregation of the plaintiff's claim for personal injuries and his claim for damage to his automobile.[2]

In deciding whether the claims of the plaintiff for personal injuries and the intervenor for property damage may be aggregated, it must be determined whether the parties have a "common and undivided right or interest". In reaching this determination, it is important to distinguish between those cases where the insurer-subrogee has paid the total loss and sues in its own right, and those where it has paid only part of the loss and the insured and insurer join in asserting a claim. This distinction was recognized by the Supreme Court in United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 380, 70 S.Ct. 207, 215, 94 L.Ed. 171, where the Court said in part:

> "* * * Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.

---

1. See also 1 Moore, Federal Practice (2d ed. 1964), § 0.97 [3] at 892 and cases cited in support of this rule: "It is now settled that where several plaintiffs unite to prosecute claims of damages for personal injuries received in a single accident, the claims are separate and distinct and aggregation for jurisdictional purposes is improper."

2. It is clear also that several claims for personal injuries and property damage arising out of the same accident may be removed and determined in federal court where some of the claims in themselves exceed the jurisdictional amount and others do not. See 28 U.S.C.A. § 1441(c); Orn v. Universal Automobile Association of Indiana, E.D.Wis., 1961, 198 F.Supp. 377, 380, where the court said: "It is well settled that several plaintiffs, each having separate claims of less than the jurisdictional amount, cannot aggregate their claims to make up the jurisdictional amount. (Citing cases). A different problem exists, however, where some of the plaintiffs' claims exceed the jurisdictional amount and some do not. * * *"

S.C.A., which were specifically made applicable to Tort Claims litigation, provides that 'Every action shall be prosecuted in the name of the real party in interest,' and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2d Ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest."

Defendant here relies primarily upon cases where insurers have paid a portion of the loss, and the insured and insurers join in · an action against the alleged tortfeasor. Heavy reliance is placed upon Farren v. Gas Service Co., D.Kan. 1954, 122 F.Supp. 536, 537, in which the owner of damaged property and his two insurers brought suit alleging negligence. The total property damage claim was $13,755.26. The claim of one insurer was for $3,800 and the claim of the other, Royal Insurance Company, was for $2,500. (This action was prior to the amendment increasing the jurisdictional amount from $3,000 to $10,000). The defendant moved to dismiss as to Royal. In overruling the motion, the court said:

"The pleading in the instant suit is of the type contemplated by Rule 20. The several plaintiffs, so far as the damage to the realty is concerned, have united 'to enforce a single title or right, in which they have a common and undivided interest'; so 'it

is enough if their interests collectively equal the jurisdictional amount.'" (122 F.Supp. at 537–538.) [3]

See also Continental Bus Systems, Inc. v. Rohwer, D.Colo., 1959, 172 F.Supp. 487; Liberty Mut. Ins. Co. v. Tel-Mor Garage Corp., S.D.N.Y.1950, 92 F.Supp. 445; American Surety Co. v. Bank of California, 9 Cir. 1943, 133 F.2d 160, 162.

■ Counsel have not cited any case where aggregation of a personal injury claim of one party and the property damage claim of another party was permitted to confer jurisdiction. It is my conclusion that even though both claims arose out of the same accident, it can not be said that plaintiff and intervenor have a "common and undivided right or interest." Rather the two causes of action are separate and independent, and the amounts sought may not be aggregated to confer jurisdiction on this court. As noted supra, if one of the claims exceeded the jurisdictional amount the other could properly be joined and tried in this court.

■ Plaintiff contends further that the action was not removable because the intervention was not the result of any voluntary act on the part of the plaintiff. 28 U.S.C. § 1446(b) reads in pertinent part:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty [4] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

---

3. Defendant argues that it was held that the insurer-subrogee and the insured could "combine the subrogation interest and the plaintiff's claim for personal injuries and medical expense in order to obtain the required jurisdictional amount". I do not so read the opinion. Each individual plaintiff sought recovery for personal injuries in excess of the jurisdictional amount. The court was concerned solely with the claim of Royal, which was for less than the jurisdictional amount. Aggregation was permitted with respect to the several claims for damage to property.

4. Thirty days under amendment effective September 29, 1965, 79 Stat. 887.

Under this provision a suit not removable when filed may become removable by the voluntary act of the plaintiff through amendment of his pleadings, or dismissal or discontinuance as to a party whose presence prevented removal. Journal Pub. Co. v. General Cas. Co., 9 Cir., 1954, 210 F.2d 202; Emery v. Chicago, B. & Q. R. Co., S.D. Iowa, 1954, 119 F.Supp. 654. On the other hand, any change of circumstances which is not brought about by a voluntary act of the plaintiff will not make the action removable. Putterman v. Daveler, D.Del. 1958, 169 F.Supp. 125, 130; Potter v. Carvel Stores of New York, Inc., D.Md., 1962, 203 F.Supp. 462, 467, (aff'd 4 Cir., 314 F.2d 45) and cases there cited.[5]

The general rule is summarized by Moore as follows:

"If, though, apart from fraudulent joinder, plaintiff states a nonremovable case in his initial complaint involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff. And, apart from establishing the issue of fraudulent joinder, the record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable." (1A Moore, Federal Practice (2d ed. 1965) § 0.168 [3.–5] at 1243)

With particular reference to a claim in intervention, Moore says in part:

"And as a general proposition third persons who intervene and voluntarily submit to the jurisdiction of the state court cannot create a removable action. * * *

"Where the intervener is aligned as a plaintiff and the original proceeding was not removable, we do not believe any claim asserted by the intervener should afford a basis for removal under § 1441(c), which has

supplanted the separable controversy as a basis for removal. Without reaching the problem of whether an intervener's claim would, in the individual case, constitute a separate and independent cause of action, the application of § 1441(c) should be limited to claims joined by the original plaintiff(s) * * * not including intervening plaintiffs." 1A Moore, Federal Practice (2d ed. 1965) 0.167 [11] at 1054.

See also Willingham v. Creswell-Keith, Inc., W.D.Ark., 1958, 160 F.Supp. 741, 744, and cases there cited. The addition of intervenor's claim was not the result of any voluntary act of the plaintiff.

The motion to remand is granted.

---

5. See also Great Northern R. Co. v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713. While this case was decided prior to the adoption of the 1949 amendment incorporating the provisions of section 1446(b) quoted supra, it has been followed in many cases decided subsequent to the adoption of the amendment.